GOSHORN, Judge.
Jessie Shawn Hamilton appeals his conviction for possession of cocaine. Hamilton pled nolo contendere to this charge after reserving his right to appeal the denial of his motion to suppress. We reverse.
At the hearing on Hamilton’s motion the State elected to rely on the arrest *1146 affidavit in lieu of live testimony.[1] The affidavit stated, in pertinent part:
ON 6/14/88 AT 2310 HRS, I, OFC B.J. BERGIN AND OTHER MEMBERS OF THE T.P.F. UNIT APPROACHED THE AREA OF ELESE & DEERROCK WHERE APPROX. 10-12 SUBJECTS WERE STANDING. THIS AREA IS A KNOWN DRUG PROBLEM, NUMEROUS COMPLAINTS AND ARRESTS ARE MADE CONCERNING THE SALE, USE AND DELIVERY OF DRUGS.
I OFC. BERGIN OBSERVED A B/M WEARING A BRN. PLAID SHORT AND SHIRT SET STANDING IN MIDDLE OF THE STREET. AS THE B/M TURNED TOWARDS MYSELF I OBSERVED A BULGE IN THE B/M’S SHORTS. I PLACED THE B/M AT THE REAR OF MY VEH. IN ORDER TO SEARCH FOR WEAPONS AND DISPEL MY FEAR OF A WEAPON IN HIS SHORTS.
The question presented in this case is whether or not Hamilton’s initial detention was permissible under the Florida Stop and Frisk Law, section 901.151, Florida Statutes (1987) which provides in relevant part:
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
As can be readily ascertained from the arrest affidavit, nothing in the officer’s sworn statement suggests that Hamilton had committed, was committing, or was about to commit a crime. Nor are there any facts articulated to support the officer’s stated fear that the bulge she observed in Hamilton’s shorts might be a weapon.
Each of the cases relied upon by the State in support of the denial of the motion to suppress is inapposite because in each cited case the officer articulated facts which would reasonably cause the officer to believe his or her safety was endangered. No such facts were presented in this case. Accordingly, the conviction is reversed and the cause remanded with directions to grant the motion to suppress.
REVERSED and REMANDED.
DANIEL, C.J., and EATON, O.H., Jr., Associate Judge, concur.

. The affidavit was objected to by Hamilton's trial attorney, but the use of the affidavit in lieu of live testimony was not presented to this court as an issue on appeal. Nevertheless, we express our concern about the state presenting evidence which effectively denies a defendant his right of cross-examination.