SCHWARTZ, Chief Judge.
The bare facts that C.K. was one of a group of young persons in front of a convenience store near a junior high school, in an area which was the site of prior disturbances, fall utterly short of providing the “founded suspicion” that he was engaged in improper activity which is necessary to support even a Terry stop. See Cunningham v. State, 591 So.2d 1058 (Fla. 2d DCA 1991); Jenkins v. State, 524 So.2d 1108 (Fla. 3d DCA 1988). It follows that there was no constitutional basis for an officer to order C.K. “against the wall,” or for the subsequent pat down of the bulge at his waistband[1] and the resulting discovery of the firearm which formed the basis of the charges against him. See C.E.P. v. State, 704 So.2d 1115 (Fla. 3d DCA 1998), and cases cited; Hamilton v. State, 612 So.2d 716 (Fla. 2d DCA 1993). On this ground alone,[2] the gun should have been suppressed and the charges dismissed. The adjudication under review is reversed for this to be done after remand.
Reversed and remanded.

. The officer noticed the bulge only after the search began. Even if, however, it had been seen prior to the stop it would not have provided a "founded suspicion.” See Sholtz v. State, 649 So.2d 283 (Fla. 2d DCA 1995); Hamilton v. State, 552 So.2d 1145 (Fla. 5th DCA 1989).

. We need not consider the appellant’s claims of other infirmities in the search, such as the argument that even if a Terry stop were justified, the pat down was not. See Smith v. State, 592 So.2d 1239 (Fla. 2d DCA 1992).