592 So.2d 1239 (1992)
Homer C. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02292.
District Court of Appeal of Florida, Second District.
January 31, 1992.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
*1240 Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant was convicted of carrying a concealed weapon. On appeal, he challenges the court's denial of his motion to suppress. We find that the stop and search that resulted in the discovery of the concealed weapon was improper and reverse.
Deputy Zuniga testified that he was on patrol at 2:30 a.m. in an area known for drugs when he observed appellant and a woman, standing close together, talking in the roadway. As the officer approached, the woman fled. Appellant appeared to be concealing something, but the officer could not see what it was. The officer had not seen the pair exchange anything other than conversation. He did not know either of them.
The officer got out of his cruiser, summoned appellant to approach and asked him his identity. As the officer was identifying appellant, he told him to put his hands on the hood of the cruiser "for safety reasons." When appellant kept trying to put one of his hands back in his pocket, the officer frisked him for safety reasons and discovered a pistol.
Although it was proper, given the circumstances, for the officer to ask appellant for identification, when the officer required appellant to place his hands on the hood of the car, the consensual encounter was transformed into a stop that was not supported by probable cause. The consensual nature of the encounter ended when the officer exercised his authority to require appellant to place his hands on the hood of the car in what sounds like "frisk position." See Canion v. State, 550 So.2d 562 (Fla. 4th DCA 1989).
At the time that the officer required appellant to place his hands on the hood of the car, the officer had, at most, an unarticulated suspicion that appellant was carrying a weapon. He did not see a weapon prior to the search, nor did he articulate any reason to believe appellant was carrying a weapon. At the hearing, the officer explained his actions only by saying that he had appellant put his hands on the car "for safety reasons." The officer did not say that he was concerned for his safety because appellant had been concealing something that the officer feared might be a weapon. Compare State v. Callaway, 582 So.2d 745 (Fla. 2d DCA 1991) [officer's patdown of outside of pockets upheld where suspect, wearing long bulky coat, had both hands in large front pockets and officer stated at trial that it "appeared there may be something in the pockets that could possibly threaten my safety"]. Contrast Reynolds v. State, 592 So.2d 1082 (Fla. 1992) [use of handcuffs upheld in context of Terry stop where reasonably necessary to protect officer's safety or thwart attempt to flee].
Under these facts, the officer had no more than a mere hunch, which was insufficient to justify the stop. See Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). This is unlike the situation in State v. Starke, 574 So.2d 1214 (Fla. 2d DCA 1991), where this court found reasonable the officer's request that Starke put her hands out in front where he could see them. There is no indication here that appellant's hands were not visible or were "up to no good" and, therefore, no reason to require him to place them on the hood of the car.
Moreover, presence in a drug area late at night does not justify detainment. State v. Levin, 452 So.2d 562 (Fla. 1984). Similarly, flight from an officer does not justify detention, especially since it was not appellant, but his companion, who ran. See Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989). Neither do furtive movements justify detention. Spence v. State, 525 So.2d 442 (Fla. 5th DCA 1988).
In view of the fact that the stop and search procedure was improper, evidence *1241 of the fruits of the search, the concealed weapon, must be suppressed.
We, accordingly, reverse and remand for a new trial.
HALL and PATTERSON, JJ., concur.