635 So.2d 1063 (1994)
Amos Lewis COWART, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03404.
District Court of Appeal of Florida, Second District.
April 29, 1994.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
Amos Lewis Cowart appeals from his conviction after pleading nolo contendere to one count of possession of cocaine and reserving the right to challenge the denial of his motion to suppress. We have determined that the cocaine was seized in the course of an unlawful detention and we reverse.
On January 11, 1992, at approximately 4:40 in the afternoon, Officers Heiman and Cumbess of the Winter Haven Police Department observed Cowart appear from behind an Exxon gas station, an area known to abound in illicit drug activity. When Cowart, who was riding a bicycle, noticed the officers he began pedaling quickly in the opposite direction. After following Cowart in their cruiser for five blocks, the officers activated their emergency lights and pulled up to him. Heiman addressed Cowart directly, saying, "hold up, can we talk to you for a second?" Cowart stopped his bike and waited for them to approach. The officers parked the cruiser in Cowart's path, got out, identified themselves, and asked "if he believed in our war on drugs out here, if we were trying to do our job and if he had any objections to a quick pat-down." Nodding and raising his hands in the air, Cowart yielded to the request. As Cumbess began to pat him down, Cowart attempted to reach inside his pants pocket. Cumbess ordered him to stop, then *1064 stuck his own hand inside Cowart's pocket and retrieved one rock of cocaine.
The record will not support the trial court's conclusion that the encounter was consensual. An encounter of this kind, as distinguished from a seizure, is impressed with the notion that a reasonable person to whom questions are put by the police is free to disregard the questions and leave. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Wilson, 566 So.2d 585 (Fla. 2d DCA 1990). It is manifest from this record that a reasonable person in Cowart's circumstance, rather than leaving the scene, would most likely have submitted to the officers' show of authority. Cowart was confronted with a police car parked in his path and officers positioned in front of and behind him while he remained seated on his bike. In our judgment the moment Cumbess requested permission to conduct a pat down, the so-called "citizen interview" evolved into a detention, albeit of short duration. See Wilson. It is significant that Cumbess conceded Cowart would have had to back away from the officers and turn his bicycle around in order to depart. Of further significance was the presence of a large German shepherd nervously fidgeting about the rear of the patrol car, barking continuously, as Officer Heiman stood facing Cowart with his hand on the car's rear door handle.
The state has contended that the temporary detention was founded upon the legitimate suspicion of a crime. We do not agree. Cowart was observed riding near an area known for frequent drug activity; he was not, however, engaged in any criminal behavior. Even Cowart's attempt to pedal away after he saw the officers did not justify the stop. See, e.g., Grant v. State, 596 So.2d 98 (Fla. 2d DCA 1992) (defendant's discarding of object and fleeing upon seeing police officer did not justify investigatory stop); Schaub v. State, 576 So.2d 1361 (Fla. 2d DCA 1991) (defendant's running from high crime area at 3:00 a.m. did not give rise to well founded suspicion of criminal behavior); Curry v. State, 576 So.2d 890 (Fla. 2d DCA 1991) (no reasonable suspicion when group of males in drug area disperse at sight of police), approved, 621 So.2d 410 (Fla. 1993). A person's tacit approval to be searched following an unlawful detention is presumed involuntary and will not, without more, "break the chain" of the illegality. Hills v. State, 629 So.2d 152 (Fla. 1st DCA 1993); Mitchell v. State, 558 So.2d 72 (Fla. 2d DCA 1990). Because the record has not revealed a founded suspicion for effecting a stop, we conclude that Cowart's detention was illegal and that all evidence obtained in the search must be suppressed.
Accordingly, the judgment of conviction is reversed and this cause is remanded for entry of judgment of acquittal.
BLUE and LAZZARA, JJ., concur.