649 So.2d 283 (1995)
Nathaniel SHOLTZ, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01880.
District Court of Appeal of Florida, Second District.
January 18, 1995.
*284 Domingo G. Alvarez, III, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Nathaniel Sholtz pled no contest to possession of cocaine and possession of drug paraphernalia, specifically reserving the right to appeal the denial of his motion to suppress. Because the evidence was obtained during an invalid search, we reverse.
At the suppression hearing, Deputy Sheriff Kane testified that he was dispatched on a 911 call about 5:00 a.m. to a high crime area. The caller had hung up and the dispatcher did not provide information to Deputy Kane regarding either the nature of the complaint or a description of persons engaged in illegal activity. As Deputy Kane pulled into a shopping center in his marked police car, he saw two men standing near a pay phone. He parked and got out of the car. One man left and Nathaniel Sholtz, the second man, approached the deputy. When Deputy Kane noticed a bulge in Sholtz' front pocket, he informed Sholtz that he wanted to conduct a patdown and they walked to the rear of the cruiser. As the deputy began the patdown, Sholtz pulled a homemade pipe with cocaine residue out of another pocket. The bulge Deputy Kane first noticed was wadded up money.
Although the meeting began as a consensual encounter, it was transformed into a stop when Deputy Kane decided to conduct a patdown. See Smith v. State, 592 So.2d 1239, 1240 (Fla. 2d DCA 1992) ("[W]hen the officer required appellant to place his hands on the hood of the car, the consensual encounter was transformed into a stop."). Because the facts did not establish a well-founded suspicion that Sholtz was involved in criminal activity, the stop was not valid and Deputy Kane had no justification to conduct a patdown. See, e.g., Hamilton v. State, 612 So.2d 716, 718 (Fla. 2d DCA 1993) ("The lawfulness of a patdown search for weapons presupposes that a stop is valid and that the officer then forms the necessary suspicion that a suspect is armed and dangerous."); Smith v. State, 592 So.2d 1206, 1208 (Fla. 2d DCA 1992) ("The fact that one of the officers testified that they were going to search the appellant for weapons because they were afraid for their safety ... did not make the appellant's detention lawful.").
The trial court erred by failing to suppress the evidence because it resulted from an invalid stop and frisk. Accordingly, we reverse and remand with instructions to discharge Sholtz.
PARKER, A.C.J., and PATTERSON, J., concur.