PARKER, Judge.
John Lee Stephens appeals his judgment and sentence for possession of cocaine entered following his no contest plea, arguing that the trial court erred in denying his motion to suppress evidence. We agree and reverse.
Stephens was walking in a high-drug residential area at about 2:00 p.m. Two uniformed deputy sheriffs, each driving in separate marked vehicles, were in the area to approach individuals for identification purposes. Deputy Calodo was the first officer to observe Stephens. Deputy Calodo testified that Stephens looked nervously at the police ear, crossed the street, and continued to walk while looking back at the deputy’s vehicle. Based on Stephens’s nervous behavior, Deputy Calodo decided he should approach Stephens. Deputy Calodo via radio contacted Deputy Sanes in the other vehicle and advised him that Stephens should be approached because he looked nervous and it appeared that Stephens had “a mission.”
Each of the deputies pulled his car up to Stephens, stopped his vehicle, and simultaneously approached Stephens and stopped within three feet of Stephens. Deputy Sanes asked Stephens his name which Stephens provided. Deputy Calodo observed that Stephens was holding his right hand behind his back and had a black object in his hand. Deputy Calodo testified that for officer safety, he believed there might have been a gun or weapon in Stephens’s hand. At that point, Deputy Calodo asked Stephens what was in his right hand, and Stephens replied, “[N]o,” and pulled his hand back. Deputy Calodo then grabbed Stephens’s hand to see what was in it and observed a shirt in Stephens’s hand. A tugging match between Deputy Calodo and Stephens ensued, resulting in crack cocaine falling from the shirt.
The trial court concluded that the initial contact was a consensual encounter which turned into a valid stop when the officers began to fear for their safety. Even if the initial contact was a consensual encounter, once the officers grabbed Stephens’s hand, the encounter escalated into a stop. See Hamilton v. State, 612 So.2d 716 (Fla. 2d DCA 1993). Assuming a valid stop, an officer is authorized to frisk the individual if the officer reasonably believes that the individual is armed and dangerous. Hamilton. The frisk or pat down, however, should be conducted only to the extent necessary to disclose a weapon. Walker v. State, 514 So.2d *533 1149 (Fla. 2d DCA 1987). Thus, even if Stephens’s act of putting his hand behind his back and Deputy Calodo’s observation of a black item in Stephens’s hand caused the deputy to believe that Stephens might be armed, the deputy’s alarm was dispelled once he observed that Stephens was clutching his shirt rather than a weapon. At that point the deputy was not authorized to pull the shirt from Stephens’s hand. This is particularly true when there was no testimony that, in the officer’s experience, weapons are usually hidden in such a manner. Accordingly, we conclude that the trial court erred in denying the motion to suppress.
Reversed and remanded.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.