658 So.2d 178 (1995)
Garrett JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3197.
District Court of Appeal of Florida, First District.
August 1, 1995.
*179 Nancy A. Daniels, Public Defender; David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen.; Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee.
VAN NORTWICK, Judge.
Appellant, Garrett Jones, appeals his conviction of possession of cocaine. Jones, who pled nolo contendere to the charge of possession of cocaine, reserving his right to appeal the trial court's denial of his motion to suppress, here contends that the seizure of cocaine was the result of an unconstitutional search and seizure in violation of state and federal constitutional law and not, as found by the trial court, the result of a consensual encounter between Jones and the deputy sheriff who arrested him. Because competent and substantial evidence supports the trial court's conclusion that the contraband was obtained as a result of a consensual police-citizen encounter, we affirm.
On April 16, 1994, at approximately 4:48 PM, Deputy Sheriff Pete Spurlock was driving his unmarked, but obvious, police car when he encountered Jones on a bicycle. Deputy Spurlock called out to appellant, whom he knew because he had arrested Jones once before for sale of cocaine, inquiring if they could talk. Jones, who said he was on his way home from work, assented and stopped his bicycle. Deputy Spurlock asked Jones if he had any weapons, and appellant responded that he did not. Deputy Spurlock inquired whether he could search Jones, and appellant replied: "Yeah. I ain't got nothin'."
At the suppression hearing, Deputy Spurlock testified that when he stopped appellant he had no probable cause to believe appellant was committing a crime. He wanted to search appellant, but if appellant had not consented to a search, he would have let him proceed. Appellant was free to leave, though Deputy Spurlock did not tell him so.
According to Deputy Spurlock, he patted down Jones' clothing, but he did not reach into his pocket. Although Jones testified that he consented to a search, there is a dispute in the testimony about what occurred after the initial pat down. Deputy Spurlock testified that Jones interrupted the search by placing his left hand into his left pant's pocket, while saying that all he had was money. Then, when Jones took his hand out of his left pocket, he removed money and a rock of crack cocaine, which Jones tossed forward onto the ground. Deputy Spurlock testified that he did not tell Jones to empty his pockets.
In contrast, Jones testified that Deputy Spurlock instructed him to empty his pockets, which is why Jones did so. Further, Jones testified that he stopped when Deputy Spurlock spoke to him only because he thought he had to. Appellant admitted, however, that Deputy Spurlock did not display *180 any force, pull a gun or badge, order him to stop, or handcuff him.
At the conclusion of the suppression hearing, the trial court announced that, on credibility issues, the court believed Deputy Spurlock. The court found the search was consensual and denied the motion to suppress. This appeal ensued.
In determining whether there has been a consensual encounter, a court must consider all of the circumstances surrounding the encounter to determine whether conduct of police officers "... would have communicated to a reasonable person that the person was not free to decline the officers' request or otherwise terminate the encounter." Florida v. Bostick, 501 U.S. 429, 439, 111 S.Ct. 2382, 2389, 115 L.Ed.2d 389 (1991). This is a factual question, and the trial court's answer to that question "should not be disturbed on appeal unless ... clearly erroneous." Davis v. State, 594 So.2d 264, 266 (Fla. 1992). A trial court's ruling on a motion to suppress comes to the court clothed with the presumption of correctness, and this court should interpret the evidence and reasonable inferences therefrom in a manner favorable to sustaining the trial court's order. McNamara v. State, 357 So.2d 410, 412 (Fla. 1978).
A police officer's request that a person stop is not, by itself, deemed to carry with it such coercion as would render an otherwise voluntary encounter with the police involuntary. The appropriate inquiry is whether the encounter carries with it specific circumstances which would indicate to a reasonable person that he was under restraint forbidding him to leave. State v. Davis, 543 So.2d 375, 376-77 (Fla. 3d DCA 1989). Even though appellant might not have felt free to leave, that is not the appropriate test  the correct test is whether a reasonable person would have believed he was not free to leave. State v. Daniels, 576 So.2d 819, 822 (Fla. 4th DCA 1991). Deputy Spurlock was not required to tell appellant that he had a right to refuse the request to search. State v. Diaz, 549 So.2d 759, 760-61 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 232 (Fla. 1990).
In this case, competent and substantial evidence supports the trial court's finding that no indicia of coercion are present. Deputy Spurlock did not display a badge, pull a gun, order Jones to stop, or handcuff him. There is no indication that he used language or a tone of voice indicating that compliance would be compelled, nor is there any indication that the encounter became threatening in any manner. Although Jones contends the pat down became non-consensual when Deputy Spurlock told him to empty his pockets, and that he was merely acquiescing to police authority when he did so, Deputy Spurlock expressly denied ordering appellant to empty his pockets, testifying instead that appellant voluntarily emptied his left pocket. On this point, the trial court accepted Deputy Spurlock's testimony. The trial court is permitted to make this credibility determination, and appellant has failed to demonstrate that the trial court clearly erred in finding the search was a consensual encounter.
Appellant's reliance upon the decision of Sholtz v. State, 649 So.2d 283 (Fla. 2d DCA 1995), is misplaced. In that case, the deputy "informed" the defendant that he wanted to conduct a pat down, rather than requesting and receiving permission to search, as occurred in this case. In addition, in Sholtz the officer retrieved the contraband from the defendant's pocket; whereas in the instant case the deputy testified, which testimony the trial court accepted, that appellant retrieved the cocaine from his pocket himself. The facts of this case are sufficiently distinguishable that we do not feel compelled to rule, as the Second District Court of Appeal did in Sholtz, that this consensual encounter was transformed into a stop when the deputy conducted a pat down.
AFFIRMED.
ERVIN and BENTON, JJ., concur.