661 So.2d 962 (1995)
STATE of Florida, Appellant,
v.
James R. COLLINS, Appellee.
No. 95-367.
District Court of Appeal of Florida, Fifth District.
October 27, 1995.
*963 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellant.
No Appearance for Appellee.
THOMPSON, Judge.
The state of Florida appeals the trial court's order granting James R. Collins' motion to suppress seized evidence.[1] We reverse because the undisputed evidence presented at the suppression hearing established that Collins voluntarily consented to a search of his person and car during a consensual encounter with police officers.
Two Orlando Police Department uniformed bicycle officers observed Collins sitting in a black Porsche at 9:30 p.m. The vehicle was lawfully parked in a public parking lot. The officers noticed Collins because his car dome light was on and he appeared to fidget with his hands. As the officers approached the vehicle, Collins got out of the car and attempted to lock it. He walked toward the officers when they asked Collins if they could talk with him. Collins agreed and walked to the rear of the car with one of the officers. Collins and the officer engaged in casual conversation, and the officer asked Collins if he had any guns, knives, or drugs on his person. Collins said he had a pocketknife and gave it to the officer to hold for him. The officers asked Collins if they could search his person and his car. Collins consented. One officer found $338 and a baggie with a small amount of marijuana in Collins' front pocket. The other officer found 112 grams of marijuana in the black Porsche. The entire contact between the officers and Collins lasted less than two minutes.
After he was arrested and charged with possession of marijuana, Collins filed a motion to suppress the seized evidence. In his motion, Collins alleged that the circumstances did not give rise to a warrantless *964 search and that he involuntarily consented to the search based on the officers' apparent authority. The trial court accepted Collins' argument and granted the motion. In so ruling, the trial court stated:
I don't think that meets the reasonable test at all to go forward from that point when he's approached by two officers in uniform... . When a reasonable person is led to believe he's not free to leave, a consensual encounter is transforming to detention. I think it is unreasonable to assume that any citizen all by themselves when approached by two officers and immediately becoming under questioning from the two officers honestly believes they can turn around and walk away. I don't buy that.
We initially observe that the two officers' approach of Collins was a consensual "street encounter" and not a stop and seizure. Such encounters are allowed by state and federal law. Florida v. Bostick, 501 U.S. 429, 435, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); State v. Walden, 464 So.2d 691, 692 (Fla. 5th DCA 1985) (citing Terry v. Ohio, 392 U.S. 1, 13, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). In Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984), the Florida Supreme Court distinguished between police conduct which constitutes a "seizure" of the person and an encounter which does not intrude upon any constitutionally protected interests, explaining:
In Terry, the Supreme Court noted that, "[t]here is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the street." 392 U.S. at 34, 88 S.Ct. at 1886 (White, J., concurring). This is so even under normal conditions with officers having no concrete suspicion on which to rely. Of course in such situations a person would be under no duty to remain, and could continue on his way if he chose to do so. That person, ... "absent special circumstances may not be detained or frisked but may refuse to cooperate and go on his way." ...
* * * * * *
... Florida Courts have recognized that, in this context, law enforcement officers can indeed initiate contacts with citizens without creating a stop and seizure situation.
Id. at 387-88 (emphasis in original). The court in Lightbourne held that a police officer's conduct did not rise to the level of an unconstitutional stop or seizure where the officer approached a parked car and asked a few simple questions to determine the purpose for the defendant's presence, his address, and other routine information. Id. at 387.
We also conclude, based on the uncontradicted evidence presented in this case, that the contact between the officers and Collins never evolved into an investigatory stop. See Jones v. State, 658 So.2d 178 (Fla. 1st DCA 1995); cf. Taylor v. State, 658 So.2d 173 (Fla. 5th DCA 1995) (holding that police conduct constituted illegal seizure once officer, without reasonable suspicion of criminal activity, ordered defendant to turn off his car and hand over his license); Stephens v. State, 656 So.2d 531 (Fla. 2d DCA 1995) (holding that consensual encounter escalated to stop once officers grabbed defendant's hand); Sholtz v. State, 649 So.2d 283 (Fla. 2d DCA 1995) (holding that consensual encounter transformed into stop when officer decided to conduct pat-down); Harrison v. State, 627 So.2d 583 (Fla. 5th DCA 1993) (holding that consensual encounter between police and defendant escalated to seizure when police ordered defendant to remove his hands from his pockets); State v. Brown, 616 So.2d 124 (Fla. 2d DCA 1993) (holding that consensual encounter escalated to stop when officer ordered defendant to place his hands on police cruiser); Jackson v. State, 579 So.2d 871 (Fla. 5th DCA 1991) (holding that consensual encounter became stop once police directed defendant to exit his car).
Having concluded that the officers' contact with Collins was not the result of an illegal stop, we next must determine whether Collins' consent to the search was freely and voluntarily given. In making this determination, courts must examine the totality of the circumstances at the time the consent to search was given. Acosta v. State, 519 So.2d 658, 660 (Fla. 1st DCA), review denied, 529 So.2d 695 *965 (Fla. 1988). Where, as here, the consent to search is not preceded by police misconduct, the state must prove by a preponderance of the evidence that the defendant's consent was freely and voluntarily given. Id. at 660-61 n. 2. In this case, the officers testified that the entire contact with Collins lasted less than two minutes and that Collins was free to leave at any time. The officers' bicycles did not impede Collins' departure, nor did the officers order Collins from his car. As the officers approached him, Collins got out of his vehicle and attempted to lock it. Collins then walked toward the officers as they engaged him in conversation. The officers never threatened Collins, and they did not touch him until he consented to be searched. The officers did not unholster their sidearms or order Collins to comply with their requests. Finally, there was no evidence that Collins refused or was reticent to comply with the requests made by the officers.[2] Based on the totality of the circumstances in this case, we conclude that the state met its burden of proving that Collins' consent to search was freely and voluntarily given. Accordingly, we reverse and remand with instructions to proceed consistent with this opinion.
REVERSED and REMANDED with instructions.
DAUKSCH, J., concurs.
SHARP, W., J., concurs specially, with opinion.
SHARP, W., Judge, concurring specially.
I agree with a reversal in this case because the trial judge's ruling suppressing the evidence was grounded on a misperception of the law. In granting the motion to suppress, the trial judge said the policemen lacked probable cause to initiate the conversation with Collins, after seeing him sitting alone in a car in a high crime area. He viewed the officer's conversation with Collins as an illegal detention, and therefore, Collins' later consent to the search of the car was void as a matter of constitutional law.[1]
The trial court erred by not recognizing that a consensual encounter between officers and a member of the public can occur, without need for reasonable suspicion of criminal activity on the part of the policemen.[2] The court did not rule that Collins did not consent to the search of the car. Thus we are not overturning a court's fact-finding that was based on disputed evidence or one which turned on the credibility vel non of the witnesses.
NOTES
[1] We have jurisdiction. See Fla.R.App.P. 9.140(c)(1)(B).
[2] Collins did not testify at the suppression hearing.
[1] See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Reynolds v. State, 592 So.2d 1082 (Fla. 1992); Norman v. State, 379 So.2d 643 (Fla. 1980); Cooper v. State, 654 So.2d 229 (Fla. 1st DCA 1995); State v. Paul, 638 So.2d 537 (Fla. 5th DCA), rev. granted, 648 So.2d 724 (Fla. 1994) and rev. denied, 654 So.2d 131 (Fla. 1995); Hills v. State, 629 So.2d 152 (Fla. 1st DCA 1993), rev. denied, 639 So.2d 981 (Fla. 1994).
[2] See Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); Florida v. Rover, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Paige v. State, 641 So.2d 179 (Fla. 5th DCA 1994).