694 So.2d 878 (1997)
Benjamin WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04334.
District Court of Appeal of Florida, Second District.
June 13, 1997.
*879 Bob Dillinger, Public Defender, and Stephen L. Romine, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Benjamin Williams appeals from his conviction after pleading no contest to possession of clonazepam and reserving the right to challenge the denial of his motion to suppress. Because the clonazepam was seized during an unlawful detention, we reverse.
On April 5, 1996, a police officer approached Williams to determine why he was loitering behind a closed bar at 11:00 a.m. The officer testified that he did not suspect Williams of any criminal activity. When he approached Williams, he saw Williams stick his hands into the top of his pants, which had an elastic waistband. The officer asked Williams to remove his hands and inquired why he had placed them there. Williams told the officer that he always places his hands in his waistband. The officer then inquired as to whether or not Williams had a weapon or anything illegal, to which Williams replied "no." Then the officer asked Williams to pull his waistband forward so that he could look down into his pants. Williams did not say anything; he simply complied with the officer's command. The officer looked down the front of Williams' pants and saw a baggie with a gold chain in it, located in Williams' groin area. The officer then informed Williams that he was going to have to get the baggie and, after refusing to allow Williams to retrieve the baggie himself, the officer reached down Williams' pants and retrieved the baggie from the groin area. The officer testified that he did not see any illegal substance in the baggie when he looked down Williams' pants.
We conclude that the initial encounter was consensual. We reach that conclusion by looking to the differences between a consensual encounter and a police seizure of a person. In State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989), this court stated:
[W]hile there is no litmus-paper test for distinguishing a police encounter from a seizure, a significant identifying characteristic of a police encounter is that the officer cannot hinder or restrict the person's freedom to leave or freedom to refuse to answer inquiries, and the person may not be detained without reasonable objective grounds for doing so.
In determining whether a police encounter occurred, the appellate court must look at the facts in light of all surrounding circumstances to determine whether a reasonable person would have believed he or she were free to leave.

*880 A "stop," on the other hand, is permissible provided the detention is temporary and reasonable under the circumstances only when the police officer has a wellfounded suspicion that a person has committed, is committing, or is about to commit a crime. We have recently emphasized that a well-founded suspicion is determined from the totality of the circumstances and must be more than a mere suspicion of criminal activity.
Simons, 549 So.2d at 787 (citations omitted).
In State v. Livingston, 681 So.2d 762 (Fla. 2d DCA 1996), this court stated:
A consensual encounter involves only minimal police contact but no seizure and therefore does not intrude on any constitutionally protected interest under the Fourth Amendment. In determining whether there has been a consensual encounter, a court must consider all of the circumstances surrounding the encounter to determine whether conduct of police officers "would have communicated to a reasonable person that the person was not free to decline the officers' request or otherwise terminate the encounter." Further, while most citizens respond to a police request, the fact that they do so without being told they are free not to respond does not eliminate the consensual nature of their responses.
Livingston, 681 So.2d at 764 (citations omitted).
In this case, the officer initially approached Williams to inquire why he was loitering behind a closed bar. The initial questions were permissible; however, at the point that the officer requested that Williams pull his waistband forward the consensual encounter became an investigatory stop. Under these circumstances, a reasonable person would not believe that they were free to leave or to disobey a uniformed officer's request to pull open their clothing in such a manner that the officer could observe the inside of their clothing. It cannot be said that the contact between the officer and Williams is minimal and that it did not intrude upon Williams' constitutional right to be free from a search. At this point, the consensual encounter became an investigatory stop because the officer testified that he had no reason to believe that Williams was armed or that he was committing a crime, about to commit a crime, or had committed a crime. See Popple v. State, 626 So.2d 185, 186 (Fla.1993) (an investigatory stop requires a well-founded, articulable suspicion of criminal activity).
Furthermore, the record does not support the state's contention that Williams voluntarily consented to the search. In Cowart v. State, 635 So.2d 1063 (Fla. 2d DCA 1994), this court stated that "[a] person's tacit approval to be searched following an unlawful detention is presumed involuntary...." Id. at 1064; see also Alvarez v. State, 515 So.2d 286, 288 (Fla. 4th DCA 1987) (state must prove consent voluntary and not "mere acquiescence to police authority"). In this case, the record establishes that Williams merely acquiesced to the officer's request to pull his waistband forward.
Accordingly, the trial court erred in denying Williams' motion to suppress because the record does not support that the officer had a founded suspicion which would justify the officer's search and there is no indication that Williams consented to the search. Reversed and remanded with directions to the trial court to grant Williams' motion to suppress.
ALTENBERND and LAZZARA, JJ., concur.