PER CURIAM.
The state appeals the trial court’s order suppressing admissions and contraband evidence. The trial court ruled that, as a matter of law, a person being questioned about criminal conduct would reasonably believe that he or she was in custody. Applying this reasoning to the instant facts, the trial court determined that admissions made by the defendant and the consent given by her to search her locker were illegally obtained as the result of an improper seizure. We reverse.
An officer may initiate contact with an individual without creating a search and seizure situation. Lightbourne v. State, 438 So.2d 380 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). Furthermore, an officer may approach an individual and ask her incriminating questions. Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). It is the trial court’s responsibility in such cases to determine, based on all the circumstances surrounding the encounter, whether the officer’s conduct would have caused a reasonable person to believe she was not free to answer the officer’s questions or otherwise terminate the encounter. Id., 501 U.S. at 439, 111 S.Ct. at 2388-89. The inquiry should focus on whether the encounter carries with it specific circumstances which would indicate to a reasonable person that she was under restraint. Jones v. State, 658 So.2d 178, 180 (Fla. 1st DCA 1995). A “reasonable person” is one who is “neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances.” State v. Alioto, 588 So.2d 17, 18 (Fla. 5th DCA 1991)(quoting United States v. Bengivenga, 845 F.2d 593, 596 (5th Cir.), cert. denied, 488 U.S. 924, 109 S.Ct. 306, 102 L.Ed.2d 325 (1988).).
In deciding whether an encounter has become a seizure, the court may consider whether a law enforcement officer questioned the defendant about her criminal conduct. However, such questioning is just one of the circumstances to be considered and, by itself, does not constitute a seizure as a matter of law.
REVERSED and REMANDED.
GOSHORN, HARRIS and ANTOON, JJ., concur.