705 So.2d 1051 (1998)
STATE of Florida, Appellant,
v.
Willie James FERRELL, Appellee.
No. 97-288.
District Court of Appeal of Florida, First District.
February 13, 1998.
Robert A. Butterworth, Attorney General, and William J. Bakstran, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Carol Ann Turner, Assistant Public Defender, Tallahassee for Appellee.
PER CURIAM.
The state challenges an order granting appellee Willie Ferrell's motion to suppress. We agree with the state's contention that the *1052 trial court's ruling was based on a misapplication of the law and therefore we reverse.
The undisputed testimony at the hearing was from the arresting officer. Officer Pitts testified that he was on foot patrol near a hotel in a known high crime and drug area when he saw Ferrell, whom he recognized from previous contacts and knew him to be a cocaine user, standing on the hotel porch. Officer Pitts approached Ferrell and asked him if he had any weapons or drugs, or stolen TV's or anything like that, to which Ferrell responded, "no I don't, go ahead and search me", spreading his legs and arms without being asked. The officer found crack cocaine in Ferrell's shirt pocket. Officer Pitts testified that when he approached Ferrell, another officer was near him on the porch but not with him, and he used the same tone of voice with Ferrell as he was using during his testimony. In granting Ferrell's motion to suppress, the trial court expressed its view that when law enforcement starts asking an individual about criminal conduct or activity, as opposed to innocuous questions regarding name, age, or where the individual is going, etc., a reasonable person does not conclude that he or she is free to leave, and therefore this consensual encounter was not voluntary.
The issue is whether, considering the totality of the circumstances, the consent was voluntary or there was a consensual encounter in which a reasonable person would have felt free to terminate the encounter. See Voorhees v. State, 699 So.2d 602 (Fla.1997); State v. Chang, 668 So.2d 207 (Fla. 1st DCA 1996). The trial court's view regarding a question simply asking about criminal conduct does not comport with opinions from this district and others indicating that absent indicia of coercion or intimidating circumstances, such a question, alone, will not convert a consensual encounter into an unlawful detention. See, e.g., State v. Livingston, 681 So.2d 762 (Fla. 2d DCA 1996) (officer asked defendant "you aren't selling dope, are you", to which defendant responded that he wasn't and that what he had was "these and they're not real", handing the officer a tube, which was later determined to be cocaine); State v. Collins, 661 So.2d 962 (Fla. 5th DCA 1995) (officer engaged in casual conversation with defendant and asked him if he had any guns, knives or drugs on him, and asked if he could search defendant, to which defendant consented); Jones v. State, 658 So.2d 178 (Fla. 1st DCA 1995) (officer asked whether defendant had any weapons, to which defendant responded he did not, and then officer asked defendant whether he could search him, to which defendant replied, "Yeah, I ain't got nothin"); J.C.W. v. State, 545 So.2d 306 (Fla. 1st DCA 1989) (officer asked defendant her name, age and address, then told her why she was being questioned [the mule idea] and asked her if it would be okay to search her for illegal narcotics, to which she consented). Sub judice no evidence of indicia of force or intimidation was presented and therefore the trial court misapplied the law to the undisputed facts.
We recognize and distinguish a simple question about criminal activity from more intrusive types of questions not present in this case which have been held to be so coercive as to make a reasonable person believe he or she must comply. See, e.g., Popple v. State, 626 So.2d 185 (Fla.1993) (holding that "[w]hether characterized as a request or an order" the act of directing a person to exit his vehicle "constituted a show of authority which restrained [appellant's] freedom of movement because a reasonable person under the circumstances would believe that he should comply"); Williams v. State, 694 So.2d 878 (Fla. 2d DCA 1997) (holding that while initial questions as to what defendant was doing behind a closed bar were permissible, subsequent request that defendant pull his waistband forward converted consensual encounter into detention); Doney v. State, 648 So.2d 799, 801 (Fla. 4th DCA 1994) (holding that compliance with officer's request that defendant spit out contents of his mouth was acquiescence to authority, rather than consent); Palmer v. State, 625 So.2d 1303 (Fla. 1st DCA 1993) (holding that abandonment of a razor blade was product of illegal stop and thus involuntary because seizure occurred when officer told defendant to take his hands out of his pockets).
*1053 REVERSED and REMANDED for proceedings consistent with this opinion.
MINER and WOLF, JJ., and SHIVERS, Senior Judge, concur.