BLUE, Judge.
Nathaniel Wooden pleaded no contest to possession of cannabis with intent to sell, specifically reserving the right to appeal the denial of his dispositive motion to suppress. Because the contraband was seized during an unlawful detention, we reverse.
As part of a joint task force involving various local, state and federal law enforcement agencies, two agents from the Drug Enforcement Agency attempted to make an undercover drug buy in the Beachfront area outside of Avon Park. This one-block area contains four night clubs, including the Beachfront Bar and Motor Lodge. During the transaction, the undercover officers were robbed. As the officers drove away, shots were fired in the direction of their vehicle.
Approximately one month later, Wooden was present in a picnic area outside the Beachfront Bar when forty law enforcement officers arrived to execute arrest warrants for the three individuals involved in the earlier incident. Law enforcement officers immediately ordered everyone in the area, including Wooden, to lie on the ground. Several officers began to look for the individuals named in the warrants while other officers began to patdown the people on the ground in a check for weapons. The record does not reveal the number, or identity of the people who were ordered to the ground. During a patdown for weapons, one of the officers discovered cannabis on Wooden’s person.
Two officers testified at the suppression hearing. Both testified they had no information or belief that Wooden was one of the individuals named in the warrants, that he had been involved in shooting at the DEA officers, or that he was in any way involved in illegal activity. Although the Beachfront area has a history of violence, the officers had no information or belief that Wooden was armed.
We conclude that when the officers ordered Wooden to the ground, they effected a stop. See Smith v. State, 592 So.2d 1239 (Fla. 2d DCA 1992) (holding that consensual encounter became a stop when subject was ordered to place his hands on the hood of the patrol car in the “frisk” position). See also Williams v. State, 694 So.2d 878 (Fla. 2d DCA 1997) (inquiry focuses on whether officer’s actions have communicated to a reasonable person that he or she is not free to leave). In order to justify a stop and temporary detention, the police must have “a well-founded suspicion that a person has committed, is committing, or is about to commit a crime.” Williams, 694 So.2d at 880 (quoting State v. Simons, 549 So.2d 785, 787 (Fla. 2d DCA 1989)). “[Sjpecific and articulable facts ... taken together with rational inferences from these facts” are required for a lawful stop. State v. Webb, 398 So.2d 820, 822 (Fla.1981). It is clear from the record that Wooden was ordered down on the ground solely because he was present in the area. In the absence of any suspicion directed at Wooden, we hold that he was unlawfully detained. Because our decision turns on this point, we have not addressed the scope of the patdown. Based on the unlawful detention, we reverse the denial of Wooden’s motion to suppress the evidence that was subsequently seized.
Reversed and remanded with directions to grant Wooden’s motion to suppress.
CAMPBELL, A.C.J., and NORTHCUTT, J., Concur.