730 So.2d 340 (1999)
The STATE of Florida, Appellant,
v.
Daile Lee POOLE, Appellee.
No. 98-2283.
District Court of Appeal of Florida, Third District.
March 10, 1999.
*341 Robert A. Butterworth, Attorney General and Alison B. Cutler, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender and Maria E. Lauredo, Assistant Public Defender, for appellee.
Before LEVY, GREEN, and SHEVIN, JJ.
GREEN, J.
The state appeals the trial court's order granting appellee's motion to suppress evidence. The court concluded that the evidence was obtained through an illegal stop and seizure. We disagree and reverse.
The facts, which are basically undisputed, are that on November 7, 1997, Officer Carl Scott was on patrol in a known narcotics area conducting an area canvas check, which he deemed to be an investigation. At the time, he was accompanied by his plain clothed deputy chief. Officer Scott, however, was in uniform and drove a marked police vehicle. At approximately 1:10 in the afternoon, Officer Scott observed the appellee, Daile Poole a/k/a Gail Lee Poole, sitting alone on a crate against a wall on a street corner. Officer Scott knew that Poole was a narcotics user, but he conceded that he had no reason to believe that she was involved in any criminal activity at the time that his attention was drawn to her.
Officer Scott decided to stop his car and approach Poole. Both he and his plain clothed deputy chief exited the vehicle. As the two officers approached Poole, they stood next to each other and approximately one to two feet away from where Poole was seated on the crate. The deputy chief identified himself and the two officers then asked Poole whether she had any narcotics. Poole answered "yes" and simultaneously stood up and pulled out a homemade crack pipe from her pants. She was arrested and charged with possession of cocaine.
Poole filed a motion to suppress the crack pipe and all statements made by her, arguing *342 that the encounter was an investigation and that such evidence was the product of an unlawful search and seizure. The state countered that this was a purely consensual encounter where Poole was free not to respond to the officers' questions and/or leave. During the suppression hearing, Officer Scott testified that neither officer displayed their weapons during this encounter. He also testified that Poole was free to leave without answering any questions, although he did not so advise her. He further testified that he did not advise Ms. Poole that they were conducting an investigation, or that she would be arrested if she had any narcotics or drug paraphernalia on her person. Nor did they advise Poole of her Miranda rights prior to their questioning. The trial court granted the motion and this appeal followed.
The question of whether a seizure occurred for purposes of the Fourth Amendment depends upon whether under the totality of the circumstances, a reasonable person would have believed that he or she was not free to leave and terminate the encounter with the police. See Florida v. Royer, 460 U.S. 491, 502, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Voorhees v. State, 699 So.2d 602, 608 (Fla.1997); State v. Ferrell, 705 So.2d 1051, 1052 (Fla. 1st DCA 1998). Based upon the undisputed circumstances of this case, we agree with the state that the encounter was purely consensual in nature and that the evidence obtained was not the product of an unlawful search and seizure.
Law enforcement officials do not violate the Fourth Amendment by merely approaching an individual on the street or other public place and asking that individual whether he or she is willing to answer some questions, by putting questions to the individual, if the person is willing to listen, or by offering into evidence, in a criminal prosecution, that the individual voluntarily answered such questions. See Royer, 460 U.S. at 496, 103 S.Ct. 1319; see also Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Ferrell, 705 So.2d at 1052; State v. Livingston, 681 So.2d 762, 764 (Fla. 2d DCA 1996); State vs. Scruggs, 563 So.2d 717, 718 (Fla. 3d DCA 1990); State v. Simons, 549 So.2d 785, 786 (Fla. 2d DCA 1989). An individual is "seized" for purposes of the Fourth Amendment only when, by means of physical force or a show of authority, his or her freedom of movement is restrained. See Mendenhall, 446 U.S. at 553, 100 S.Ct. 1870. Circumstances which might be indicative of a seizure "would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled," Id. 446 U.S. at 554, 100 S.Ct. 1870, while a significant characteristic of a consensual encounter is "that the officer cannot hinder or restrict the person's freedom to leave or freedom to refuse to answer inquiries, and the person may not be detained without reasonable objective grounds for doing so." Simons, 549 So.2d at 787.
In the instant case, the evidence is uncontroverted that as the officers approached Poole to inquire whether she had drugs, they displayed no weapons nor did they, by language or actions restrict her ability to leave or refuse to answer their questions in any way. In response to their question, Ms. Poole voluntarily stood up, responded "yes" and handed the crack pipe to the officers. While it is certainly true that most citizens would ordinarily respond to a police request, the fact that they do so without first being told that they are free to decline the request does not vitiate the consensual nature of their response. See id.; State v. Avery, 531 So.2d 182, 182 (Fla. 4th DCA 1988). Moreover, in the absence of any indicia of coercion or intimidating circumstances, police questioning about criminal conduct or activity alone, does not convert an otherwise consensual encounter into an unlawful seizure or detention. See Ferrell, 705 So.2d at 1052 (finding that encounter where officer approached known drug user and asked him if he had drugs and defendant responded "no, I don't, go ahead and search me" spreading his arms and legs whereupon officer found cocaine held to be consensual); Livingston, 681 So.2d at 762 (finding a consensual encounter where officer asked defendant *343 "you aren't selling dope, are you," to which defendant responded no and that what he had was "these and they're not real," handing the officer a tube which was later determined to be cocaine); State v. Collins, 661 So.2d 962, 964 (Fla. 5th DCA 1995) (holding where officer engaged defendant in casual conversation and asked him whether he had any guns, knives, or drugs on him and defendant consented to a search, evidence seized was the result of a consensual encounter); Jones v. State, 658 So.2d 178, 180 (Fla. 1st DCA 1995) (holding that seized contraband was the result of consensual police-citizen encounter where officer asked whether defendant had any weapons, to which defendant responded he did not and officer then asked whether he could search defendant, to which defendant replied "yes, I ain't got nothing"); compare, e.g. Popple v. State, 626 So.2d 185, 188 (Fla.1993) (stating that "[w]hether characterized as a request or an order" the act of directing a person to exit his vehicle "constituted show of authority ... because a reasonable person under the circumstances would believe that he should comply"); Williams v. State, 694 So.2d 878, 880 (Fla. 2d DCA 1997) (holding that while initial questions as to what defendant was doing behind a closed bar were permissible, subsequent request that defendant pull his waistband forward converted consensual encounter into detention); Doney v. State, 648 So.2d 799, 801 (Fla. 4th DCA 1994) (concluding that compliance with officer's request that defendant spit out contents in his mouth was acquiescence to authority, rather than consent); Palmer v. State, 625 So.2d 1303, 1306 (Fla. 1st DCA 1993) (holding that abandonment of a razor blade was product of illegal stop and thus involuntary because seizure occurred when officer told defendant to take his hands out of his pockets).
For all of the foregoing reasons, we conclude that the trial court erred in granting the motion to suppress and we reverse accordingly.
Reversed.