785 So.2d 759 (2001)
The STATE of Florida, Appellant,
v.
Marlon RODRIGUEZ, Appellee.
No. 3D00-2218.
District Court of Appeal of Florida, Third District.
June 6, 2001.
*760 Robert A. Butterworth, Attorney General, and Barbara Zappi (Ft.Lauderdale), Assistant Attorney General, for appellant.
Robert N. Pelier, for appellee.
Before SCHWARTZ, C.J., and SORONDO, J., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Marlon Rodriguez was charged with lewd and lascivious acts on a minor under 16 years of age in violation of section 800.04(5), Florida Statutes (1999). Rodriguez maintained his innocence and sought to exclude the admission of certain statements he made to the police. The trial court held a hearing on the matter and thereafter granted Rodriguez's Motion to Suppress. We reverse.
Rodriguez maintained that the officer investigating the matter, Detective Coleman, had telephoned him at his home in Miami and identified Rodriguez as a prime suspect in the case he was investigating. Rodriguez does not dispute that of his own volition, the next morning, he drove himself to the Monroe County Sheriff's Headquarters. Rodriguez introduced himself to Coleman and then was escorted to a closed but not locked room, where he was questioned. According to the detective, he informed Rodriguez that he was free to leave at any time.
During the interview, according to the detective, he felt that Rodriguez was being deceptive. At that point, Coleman confronted Rodriguez with an audiotape of surreptitiously recorded phone calls which were made of Rodriguez and the alleged victim. Upon hearing the tapes, Rodriguez made the incriminating responses at issue. Thereafter, at the end of the interview, Rodriguez left the station.
Notwithstanding his voluntary appearance, statements, and exit, Rodriguez argued *761 that he made the statements when a reasonable person would have felt they were not free to leave, thus, he argued, entitling him to the warnings prescribed in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Having not been given those warnings, Rodriguez argued the statements should be suppressed.
Miranda warnings are implicated only when an individual is undergoing actual custodial interrogation by the police. See Ramsey v. State, 731 So.2d 79 (Fla. 3d DCA 1999). See also Miranda, 384 U.S. at 444, 86 S.Ct. 1602. The mere fact that an individual is questioned at the police station does not necessitate a finding that the individual is in custody. See Roman v. State, 475 So.2d 1228, 1231 (Fla.1985). The question of whether a suspect is in custody is a mixed question of law and fact. See Ramirez v. State, 739 So.2d 568, 574 (Fla.1999). When determining if a defendant is in custody for purposes of Miranda, the ultimate inquiry is whether "a reasonable person placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest." Ramirez, 739 So.2d at 573.
In Ramirez, the court formally acknowledged that the determination of whether a reasonable person in the suspect's position would consider himself in custody is guided by the consideration of four factors:
(1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; (4) whether the suspect is informed that he or she is free to leave the place of questioning.
Id. at 574.
Here, considering these factors, we conclude the trial court erred in ordering the statements at issue suppressed. The detective merely phoned Rodriguez. The defendant arrived and later left of his own volition. Rodriguez, maintains that at the point he was confronted with the incriminating statements, his otherwise voluntary police encounter became custodial. We disagree. A similar argument was made and rejected in Ramsey, 731 So.2d at 79.
Simply stated, Rodriguez being confronted with the tape, in the absence of any indicia of coercion or intimidating circumstances, did not convert the otherwise consensual encounter into a custodial interrogation. See Ramsey, 731 So.2d at 81, citing generally Florida v. Bostick, 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (finding that asking potentially incriminating questions does not convert encounter into a seizure); State v. Poole, 730 So.2d 340, 342 (Fla. 3d DCA 1999) (holding that "in the absence of any indicia of coercion or intimidating circumstances, police questioning about criminal conduct or activity alone, does not convert an otherwise consensual encounter into an unlawful seizure or detention.") Because Rodriguez was not subject to custodial interrogation, the police were not required to Mirandize him. Therefore, the trial court erred in granting the Motion to Suppress.
Accordingly, we reverse the order under review and remand for further proceedings.