971 So.2d 938 (2007)
William DANTE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2731.
District Court of Appeal of Florida, Third District.
December 26, 2007.
*939 Bennett H. Brummer, Public Defender and Robert Godfrey, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General and Ansley B. Peacock, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and LAGOA, and SALTER, JJ.
GERSTEN, C.J.
William Dante ("Dante") appeals his conviction and sentence for possession of cannabis and cocaine, alleging the trial court erred in denying his motion to suppress physical evidence. Finding no error in the trial court's determination that Dante voluntarily consented to the officers entering his residence, we affirm.
Two police officers, looking for Dante, knocked at his door at about 6:45 p.m. Both plain-clothed officers wore brown rain jackets with "Metro Dade Police" inscribed on the front and back, and wore badges around their necks and visible holstered weapons.
When Dante answered the door, the officers introduced themselves and asked if he was William Dante. Dante replied that he was "Tony." When the officers asked for photo identification, Dante stated that his Florida driver's license was suspended. Dante also stated that he had a Connecticut driver's license in his wallet located in his bedroom. As Dante went inside the house to retrieve the license, the officers asked permission to accompany him. Dante agreed.
In the bedroom, Dante moved clothing on the bed while searching for the license. Dante's license search revealed a small packet of marijuana and a plastic bag containing a white powder. The officers took Dante into custody and placed him in the back of the police car. Outside the car, the officers discussed obtaining a warrant to search the residence. Overhearing the conversation, Dante indicated he could save them time and volunteered that the only things left were in the bathroom under the sink.
Dante moved to suppress the physical evidence arguing that his person was unconstitutionally seized prior to entering the bedroom, because his consent for the officers to enter the house was not freely given. Instead, he contends the consent was only given under duress. Dante argues that no reasonable person faced with two armed police officers at his or her home after dark would believe that they were free to refuse the officers' demands. We disagree with Dante.
As the record reveals, the encounter took place in the early evening with two police officers in plain clothes, with proper identification, and holstered weapons. The officers testified they were cordial and not abrasive. Dante agreed to a single request to follow him as he looked for his identification.
In determining whether an encounter is consensual, the court looks to the totality of the circumstances to decide if the police conduct would make a reasonable person believe that he or she was free to terminate the encounter. Taylor v. State, 855 So.2d 1 (Fla.2003); Voorhees v. State, 699 So.2d 602 (Fla.1997). Additionally, "[w]hile it is certainly true that most citizens would ordinarily respond to a police request, the fact that they do so without first being told that they are free to decline the request does not vitiate the *940 consensual nature of their response." State v. Poole, 730 So.2d 340, 342 (Fla. 3d DCA 1999).
After considering the totality of the circumstances, we find that the record supports the trial court's determination. Accordingly, when Dante voluntarily allowed the police officers into his residence, he left legal limbo to enter Dante's inferno. Because the trial court properly denied the motion to suppress, we affirm Dante's conviction and sentence.
Affirmed.
LAGOA and SALTER, JJ., concur in result only.