TAYLOR, J.
 

 In this appeal from convictions and sentences for possession of cocaine and cannabis, the defendant contends that the trial court erred in denying his motion to suppress evidence and statements. We disagree and affirm.
 

 At the hearing on the motion to suppress, Deputy Robert Rivera of the Bro-ward County Sheriffs Office testified that he and his partner were on routine patrol in a residential area of Deerfield Beach on November 15, 2006 around 10:00 p.m. They were driving westbound on Southwest 14th Street at 10th Avenue when they saw the defendant’s vehicle parked at the end of a dead end street, facing southbound. The vehicle was parked on the left side of the dead end and it appeared to be occupied. Because the officers did not know what the occupants were doing in that area, they turned around and made contact with them.
 

 As the officers were driving up behind the vehicle, the occupants starting exiting the vehicle. The defendant exited the driver’s side. Deputy Rivera parked about fifteen or twenty feet behind the defendant’s vehicle. He did not activate his patrol lights at that time. The defendant was already out of his car and walking towards the back of it by the time the deputies exited their vehicle. As Deputy Rivera approached the defendant and got close to the back bumper of the defendant’s car, he noticed that the driver’s door was open. He smelled the odor of cannabis. When Deputy Rivera told the defendant that he smelled marijuana, the defendant admitted right away that he had some marijuana in the car. The deputy did not read the defendant any
 
 Miranda
 
 warnings. At that time, the deputy knew that he was going to investigate the marijuana odor and that the defendant would not be free to leave. However, he did not tell the defendant that he was not free to leave; he just told him that he needed to see his identification.
 

 When Deputy Rivera asked to see the defendant’s identification, the defendant started walking towards the interior of his car. Deputy Rivera instructed him to stop and just tell him where it was located so he could get it. However, the defendant insisted on getting it himself and tried to re-enter the car. Deputy Rivera went over and looked inside the car. He saw cannabis and a firearm in the driver’s seat, the area where the defendant was approaching. At that point, the deputy
 
 *438
 
 grabbed the defendant and handcuffed him. The deputies also found cocaine inside the car. After the defendant was arrested, Deputy Rivera read him his
 
 Miranda
 
 rights.
 

 The defendant was charged with possession of cocaine and possession of a misdemeanor amount of cannabis. He filed a motion to suppress evidence. In the written order denying the motion to suppress, the trial court made the following findings:
 

 The Defendant argued that Deputy Rivera did not observe a crime being committed, and therefore had no right to stop to talk to the Defendant. However, consensual police-citizen encounters are allowed by law.
 
 State v. R.H.,
 
 900 So.2d 689, 691 (Fla. 4th DCA 2005);
 
 State v. Collins,
 
 661 So.2d 962 (Fla. 5th DCA 1995). In the instant case, the Defendant’s vehicle was already stopped when Deputy Rivera approached. Further, the Defendant voluntarily exited the vehicle without instruction from Deputy Rivera. Taking the totality of the circumstances into consideration, this Court finds that the initial encounter between Deputy Rivera and the Defendant was a consensual encounter permitted by law.
 
 Collins,
 
 661 So.2d at 964. Once Deputy Rivera smelled the odor of cannabis emanating from the Defendant’s vehicle, he had the requisite probable cause to search the Defendant’s vehicle and ultimately arrest him.
 
 Keeling v. State,
 
 929 So.2d 1169, 1172 (Fla. 2d DCA 2006);
 
 State v. T.P.,
 
 835 So.2d 1277 (Fla. 4th DCA 2003). If Deputy Rivera had not smelled the odor of cannabis emanating from the Defendant’s vehicle, this Court would have agreed with the Defendant’s position that the encounter should have concluded, and all evidence would consequently have been suppressed. However, the observation of the odor of cannabis, after the initial consensual encounter, gave Deputy Rivera the requisite probable cause.
 

 The trial court did not err in denying the motion to suppress. Our standard of review requires us to defer to the trial court’s factual findings but review legal conclusions
 
 de novo. Backus v. State,
 
 864 So.2d 1158 (Fla. 4th DCA 2003);
 
 Batson v. State,
 
 847 So.2d 1149, 1150 (Fla. 4th DCA 2003). In this case, the trial court’s factual findings were supported by competent, substantial evidence, and the court’s legal findings were properly based on the law.
 

 Affirmed.
 

 WARNER and POLEN, JJ., concur.