COHEN, J.
Ernest Oliver appeals the denial of his' motion to suppress. Only one issue is presented for our review: Whether Oliver was “seized” for Fourth Amendment purposes prior to the search of his person. Finding that he was, we reverse.
Oliver was the passenger in a car that a police officer stopped for an inoperable tag light.[1] After the stop, another officer and his K-9 came to the scene so that the K-9 could conduct an exterior search of the vehicle.[2] Before conducting that search, the K-9 officer ordered Oliver and the driver to keep their hands on the dashboard. As noted by the trial judge, who had the benefit of a videotape of the encounter, the officer told Oliver three times to “keep his hands on the f* * *ing dashboard.” Although we were not provided a copy of that videotape, we can easily discern that this directive was not conversational in tone. After the K-9 alerted the officers to the presence of drugs in the car, Oliver was searched and marijuana and a firearm were discovered on his person.[3]
The seminal case on this issue is United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), in which Mendenhall was charged with possession of drugs following a search by DEA agents at an airport. The Supreme Court reasoned that a person is .seized “only when, by means of physical force or a show of authority, his freedom of movement is restrained.” Id. at 553, 100 S.Ct. 1870. It elaborated that “[o]nly when such restraint is imposed is there any foundation whatever for invoking constitutional safeguards.” Id. This determination is based upon the totality of the circumstances. See id. at 554,100 S.Ct. 1870.
In denying the motion to suppress, the trial court focused on the fact that Oliver made no attempt to leave. However, the issue is not whether Oliver actually made such an effort. Rather, the focus should have been on whether, under the circumstances, a reasonable person would have believed he was free to leave. See, e.g., Williams v. State, 694 So.2d 878, 880 (Fla. 2d DCA 1997). The language and tone of voice used are among the factors specifically noted in Mendenhall as being relevant in determining whether compliance with an officer’s request was compelled. See Mendenhall, 446 U.S. at 554,100 S.Ct. 1870.
We find that a reasonable person would believe, after having been aggressively ordered three times to keep his hands secured on the “f* * *ing dashboard,” that his freedom of movement was restrained.
We are mindful of the dangers inherent in any traffic stop, and police officers can *497 take reasonable steps to protect themselves from these dangers. We do not articulate a bright-line rule that ordering an occupant of a car to either keep his hands in view or on the dashboard always converts a consensual encounter into a seizure. The very nature of a totality-of-the-circumstances test counsels against generalities.[4] However, in this case, the officers had no basis to believe that the occupants of the car constituted a danger. Neither Oliver nor the driver exhibited any furtive or suspicious behaviors. The K-9 officer ordered Oliver to place his hands on the dashboard because that was his routine. The K-9 officer’s need to watch the dog perform the search rather than watch the occupants of the car was obviated by the other officer’s presence.
A number of courts have addressed analogous circumstances. For example, in Davis v. State, 946 So.2d 575, 577 (Fla. 1st DCA 2006), a sheriffs deputy “asked” Davis to exit the car in which he was a passenger and put his hands on the car’s roof. The court found that, while the initial encounter was valid, ordering Davis to place his hands on the car converted the encounter into a seizure, and that Davis’s ensuing “consent” to a search of his person was merely a submission to authority. Id. at 578; accord McNeil v. State, 746 So.2d 547, 548 (Fla. 5th DCA 1999) (holding that McNeil was seized when an officer ordered him to place his hands on the back of the patrol car); Wooden v. State, 724 So.2d 658, 659 (Fla. 2d DCA 1999) (finding that officers effected a stop when they ordered Wooden to the ground); Smith v. State, 592 So.2d 1239, 1240 (Fla. 2d DCA 1992) (holding that consensual encounter became a stop when subject was ordered to place his hands on the hood of the patrol car in the “frisk” position).
Similarly, here, Oliver was seized when the officer ordered him to put his hands on the dashboard, and therefore, the trial court erred in denying Oliver’s motion to suppress. Accordingly, we reverse.
REVERSED.
PALMER and EDWARDS, JJ., concur.

. That stop is not challenged on appeal.

. It is undisputed that neither the officer who initially stopped the car, nor the K-9 officer who came upon the scene had reasonable suspicion to believe that either the driver or Oliver had committed, or were about to commit, any crime. Oliver does not challenge the officer’s authority to conduct such a sweep with a K-9, and the occupants of the car were not unduly delayed by the time it took for the K-9 to arrive.

.A K-9’s alert for drugs in a vehicle does not necessarily establish probable cause to search the vehicle’s occupants. Williams v. State, 911 So.2d 861, 861 (Fla. 1st DCA 2005). However, this issue was not raised either below or on appeal.

. For instance, occupants can be ordered out of a car without being deemed seized. See, e.g., Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).