537 So.2d 701 (1989)
Amin RUDDACK, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3388.
District Court of Appeal of Florida, Fourth District.
February 1, 1989.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
This is an appeal from an order denying a motion to suppress. The facts are undisputed. We find insufficient support in the record for the conduct of the subject search.
Two police officers on general patrol in a "high crime" area, looking for drug activity, entered an apartment building. They observed the appellant leave one apartment and walk toward another. There was nothing suspicious about the defendant or his conduct, and nothing was said by the officers or by the defendant. As the officers approached, the appellant moved his hand behind his back, at which time one of the officers grabbed his arm. The officer could see the edge of a plastic baggie in the appellant's closed fist. The officer then forced open the fist and uncovered marijuana.
There was absolutely nothing said or done, other than the movement of appellant's hand, to arouse a suspicion of criminal activity, or a reasonable fear that the defendant posed an immediate threat to the officers' safety. There was nothing about the defendant's behavior or his location, other than the fact that the building he was in was located in a high crime area, to serve as a factual basis to detain the defendant or search for a weapon. Nor were there any exigent or unusual circumstances which would justify the officer's actions. The detention and search did not rise to the level authorized by section 901.151, Florida Statutes, or Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Accordingly, the judgment and sentence are reversed. See Baggett v. State, 531 So.2d 1028 (Fla. 1st DCA 1988); Jenkins v. State, 524 So.2d 1108 (Fla. 3d DCA 1988); R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983).
GLICKSTEIN and WALDEN, JJ., concur.