PER CURIAM.
Appellant Lawson Mack was placed on probation (adjudication withheld) for carrying a concealed firearm. § 790.01(2), Fla. Stat. (1987). We find that the,firearm which serves as the basis for this charge was unlawfully seized, and reverse with directions to discharge the appellant.
Tampa police responded to a report of a black man (no further description) trying to break into cars parked at the Pak ⅛’ Save market. They drove past that location and *906 saw nothing unusual. However, Mack, a 62-year-old black man, was observed walking up a flight of stairs at the adjacent Sundance Apartment complex. Having made eye contact with the officers, Mack “stepped backwards down the stairs” and entered a breezeway. The officers considered this reaction suspicious (one described Mack’s expression as “Qjust like you looked at your mother when she caught you doing something”). Mack was directed to stop and was subjected to “routine field interrogation questions.” He told the officers he was visiting a friend named James, but was unable to provide a last name or an apartment number. At this juncture Mack started to put his hands in his pocket. He was told not to do that, and the officers announced their intention to perform a pat-down search. Mack then admitted that he had a pistol in his coat pocket.
Under these facts the officers lacked a reasonable suspicion to justify their detention of Mack, which we deem more intrusive than a mere police-citizen encounter. At most the officers had been met with “evasive” actions, but such conduct does not ipso facto indicate involvement in wrongdoing. See, e.g., Bastien v. State, 522 So.2d 550 (Fla. 5th DCA 1988); McClain v. State, 408 So.2d 721 (Fla. 1st DCA 1982); Brane v. Brane, 319 So.2d 620 (Fla. 2d DCA 1975). Appellant’s admission, which obviated the need for an actual frisk, did not constitute a voluntary relinquishment of the weapon. See, e.g., Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978).
Reversed.
SCHEB, A.C.J., and LEHAN and HALL, JJ., concur.