569 So.2d 516 (1990)
Kelvin Eugene WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2588.
District Court of Appeal of Florida, Fourth District.
October 24, 1990.
Rehearing and Rehearing Denied December 7, 1990.
Richard L. Jorandby, Public Defender, and Jill Hanekamp, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied December 7, 1990.
PER CURIAM.
Kelvin E. Wilson has appealed from the denial of his motion to suppress following a plea of nolo contendere to a charge of possession with the intent to sell cocaine. We affirm.
On the evening of March 14, 1989, Officer Wesley Taylor, of the Ft. Pierce Police Department, was conducting a general walk through of Reno's Bar, a bar with a reputation for violent crimes. Officer Taylor was alone when he encountered Wilson as Wilson exited the bathroom at the rear of the bar and proceeded to walk down the hallway. Officer Taylor observed Wilson take quick, evasive action after he spotted the officer. Wilson quickly turned and briskly walked back towards the restroom. As he was turning, Officer Taylor observed a suspicious and potentially dangerous act. Wilson made a sudden, furtive hand movement to the front area of his pants as if he was going for a gun. Taylor was concerned for his safety and the safety of others. Under these circumstances, Wilson's movements could have reasonably been considered by the officer to conceal or retrieve a weapon, and the officer's reaction thereto was therefore reasonable. State v. Patrick, 437 So.2d 217, 218 (Fla. 4th DCA 1983).
We hold that the above facts taken together and viewed through Officer Taylor's fourteen years experience as a police officer were sufficient to justify a brief investigatory stop and frisk. See Tamer v. State, 484 So.2d 583 (Fla. 1986). See also Cheatem v. State, 416 So.2d 35 (Fla. 4th DCA 1982); Curry v. State, 532 So.2d 1316 (Fla. 1st DCA 1988). This case is distinguishable from Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989). In that case, this court ruled that the observations of police officers, on general patrol in a "high crime" area, that a defendant moved his hand behind his back was insufficient to serve as a factual basis to detain the defendant or search for a weapon where there *517 was nothing suspicious about the defendant or his conduct, nor were there any unusual circumstances. This case presents the additional element that appellant's behavior was unusual and suspicious.
AFFIRMED.
HERSEY, C.J., and WALDEN, J., concur.
STONE, J., dissenting with opinion.
STONE, Judge, dissenting.
In my judgment the defendant's conduct and the circumstances here do not reasonably support and justify a stop and frisk. I would reverse. Cf. Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), reh'g. denied, 444 U.S. 1049, 100 S.Ct. 741, 62 L.Ed.2d 737 (1980); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989); Kearse v. State, 384 So.2d 272 (Fla.4th DCA 1980); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); Johnson v. State, 547 So.2d 699 (Fla. 1st DCA 1989).