STONE, Judge.
The judgment and sentence for trafficking in cocaine are affirmed. Considering the evidence most favorably to the state, we find no abuse of discretion in the trial court’s denial of Appellant’s motion to suppress, the sole issue on appeal. McNamara v. State, 357 So.2d 410 (Fla.1978).
Two sheriffs deputies, both having considerable training and experience, testified that they were at the scene to serve an arrest warrant in an area having a reputation for criminal activity, including the presence of weapons and drugs. It was 8:00 p.m., but still dusk.
As they got out of their patrol car, the deputies saw two men walking toward them, 15-30 feet away. One of the men yelled, “police, raiders, or heat,” which is street slang for police. Immediately, Appellant’s companion turned and ran away. At the same time, Appellant “stuffed or jammed” both hands into his waistband, turned and moved away from the officers. The number of steps he took is not clear.
The officers’ suspicions and concerns were raised. They could not see what Appellant was doing, or grabbing, with his hands stuffed into his pants. One of the officers testified that his immediate fear was that Appellant was reaching for a weapon. The other officer testified, in part, as follows:
My concern was immediately raised. I thought I don’t know what, you know, who he was or what he was doing there. The fact that somebody yelled something raised my level of fear. The hands going into the pants, into the crotch area like this, and they didn’t just go in with finger tips. I mean, it was as if they have had gone all the way down. I literally recall seeing hands like stuffed or jammed in.... [A]s a police officer, I became concerned as to why he did what he did. As to, you know, the circumstances that just took place in a quick period of time.... [I]t raised my level of fear at that point as to why he did what he did. I wasn’t sure.
Immediately, the deputies ordered Appellant to “freeze” and remove his hands from his pants. One deputy secured Appellant’s hands on the wall, and the other conducted a “pat down” for weapons. Both deputies observed “a very large unnatural object” in Appellant’s crotch area. The officer conducting the pat down testified that he believed it was a weapon. He asked Appellant if he was carrying a weapon, and Appellant replied, *1039 “no, cocaine,” at which point the deputies removed the cocaine from his pants.
Appellant contends that the search was based on pure speculation, a hunch, or curiosity. See Breedlove v. State, 605 So.2d 589 (Fla. 4th DCA 1992); Ruddock v. State, 537 So.2d 701 (Fla. 4th DCA 1989). See also Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), reh’g denied, 444 U.S. 1049, 100 S.Ct. 741, 62 L.Ed.2d 737 (1980). However, we deem these cases inapposite.
This evidence is sufficient to support a conclusion that the officers’ reactions were reasonable and that the totality of the circumstances justified a brief stop and frisk. See e.g. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Wilson v. State, 569 So.2d 516 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 168 (Fla.1991); State v. Patrick, 437 So.2d 217 (Fla. 4th DCA 1983); Brezial v. State, 416 So.2d 818 (Fla. 4th DCA 1982); Poole v. State, 639 So.2d 96 (Fla. 5th DCA 1994). See also State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978).
Because he speculates that the officers would have proceeded to search him beyond a weapons pat down in any event, Appellant also suggests that his admission to the officers that he possessed contraband did not justify their retrieving the cocaine from his pants. See Mack v. State, 557 So.2d 905 (Fla. 2d DCA 1990). However, in Mack, there was no justification for a weapons search to begin with, the circumstances being more in the nature of a “roust.” Here, the officers’ conduct prior to Appellant’s admission was simply prudent.
DELL, C.J., and STEVENSON, J., concur.