714 So.2d 1191 (1998)
Willie James BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3638.
District Court of Appeal of Florida, Fourth District.
August 5, 1998.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
In this appeal, appellant claims that the trial court erred in failing to suppress evidence where there was no founded suspicion that appellant was engaged in criminal conduct at the time of the detention and search. We hold that the officer had reasonable suspicion that appellant was concealing a weapon which could have been turned on the officer and thus affirm.
Officer Hall of the Fort Pierce Police Department was patrolling a "high crime, high drug" area when he saw appellant, Brown, on foot, approach a vehicle stopped at a traffic signal. Brown yelled into the vehicle, but it sped away. Hall drove towards Brown, who ran up to the patrol car in a "very excited" state and asserted that he was trying to get a ride home. Feeling vulnerable in his patrol car, Hall exited to speak with Brown.
*1192 Hall knew Brown from prior contacts and knew of some other officers' arrests of Brown. One of those arrests was for battery on a law enforcement officer and resisting arrest with violence. When he asked Brown his name, however, Brown gave him a fictitious one. Hall noticed that Brown's hands were in his pocket. Knowing that one of the most basic elements of officer safety is never to talk with a potential suspect who has his hands in his pockets, Hall asked Brown if he would take his hands out of his pockets. Brown complied but then reached into the front of his pants, underneath his waistband and turned away from Hall. At that point, Hall was in fear that Brown was going for some weapon. Hall then reached around to grab Brown's hands. Hall and Brown fell to the ground as the officer yelled for Brown to take his hands out of his pants. Eventually, Hall gained control of Brown and placed him under arrest for resisting arrest. A subsequent search of Brown revealed drugs.
Brown moved to suppress the drugs as the result of an unlawful search. The trial court denied the motion, reasoning that the situation started as a consensual encounter. When Brown made a move that "clearly would cause a reasonable police officer to be concerned for his or her safety," the officer had reasonable suspicion to believe that Brown was going for a weapon. Hall was thus entitled to require Brown to remove his hands from his pants. When he failed to do so, the officer then had probable cause to arrest Brown for resisting an officer, and the search was incident to that arrest.
In Popple v. State, 626 So.2d 185, 186 (Fla.1993), the supreme court explained the three levels of police-citizen encounters:
The first level is considered a consensual encounter and involves only minimal police contact. During a consensual encounter a citizen may either voluntarily comply with a police officer's requests or choose to ignore them. Because the citizen is free to leave during a consensual encounter, constitutional safeguards are not invoked. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).
The second level of police-citizen encounters involves an investigatory stop as enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At this level, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151 Fla. Stat. (1991). In order not to violate a citizen's Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity. Mere suspicion is not enough to support a stop. Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984).
....
[T]he third level of police-citizen encounters involves an arrest which must be supported by probable cause that a crime has been or is being committed. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); § 901.15 Fla. Stat. (1991).
In the instant case, the initial contact between the officer and Brown constituted a consensual encounter. The officer asked Brown his name and asked him to take his hands out of his pocket. Under Popple, Brown was free to comply or ignore the officer's requests. Brown actually complied with both requests. However, after having complied, Brown placed his hands into his pants and turned around. At that time, the officer testified that Brown was no longer free to leave, and the trial court determined that the officer had reasonable suspicion to believe that Brown was going for a weapon and endangering the safety of the officer.
Reasonable suspicion requires articulable facts on which to base the officer's investigative stop. In the present case, the officer had prior personal contacts with Brown and knew that Brown had been arrested for battery on a law enforcement officer. When Brown first ran up to the car, the officer considered his movements threatening. More threatening was his sudden movement putting his hands into his pants and turning away from the officer. Based upon the officer's general experience and specific knowledge of this particular individual, the trial court did not err in concluding that the *1193 officer had reasonable suspicion to seize Brown. See King v. State, 696 So.2d 860, 862 (Fla. 2d DCA), dismissed, 705 So.2d 9 (Fla. 1997).
Appellant cites Alexander v. State, 693 So.2d 670 (Fla. 4th DCA 1997), for support. However, in Alexander the officer only saw the defendant moving his hands in his waistband while looking at the officer. See id. at 671. Unlike the instant case, there was no furtive movement or concealing action from the officers, and the officers had no independent knowledge of the suspect. More on point is Wilson v. State, 569 So.2d 516 (Fla. 4th DCA 1990), in which this court approved a stop and frisk where the defendant made a sudden furtive movement to the front area of his pants as if reaching for a gun. This fact, viewed through the officer's fourteen years experience, was sufficient to provide reasonable suspicion for a brief investigatory stop and frisk. See id. at 516 (citations omitted).
Our affirmance should not imply that any consensual encounter may escalate to an investigative stop simply because the officer generally has safety concerns. The mere fact that a citizen refuses to comply with an officer's request in a consensual encounter cannot be sufficient to provide the officer with reasonable suspicion that the commission of a crime is imminent. If the citizen is not free to ignore the officer's requests in such an encounter, then it is clearly not consensual. See Popple, 626 So.2d at 187-88.
Finding that the detention of appellant was lawful, we also affirm the remaining issue raised by the appellant.
Affirmed.
FARMER, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.