838 So.2d 1189 (2003)
STATE of Florida, Appellant,
v.
Bo CHRISTMAN, Appellee.
No. 2D01-5596.
District Court of Appeal of Florida, Second District.
January 24, 2003.
Rehearing Denied March 5, 2003.
*1190 Charlie Crist, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellee.
DAVIS, Judge.
The State appeals the trial court's order granting Bo Christman's motion to suppress. The trial court found that law enforcement improperly stopped Christman and requested driver's license information, which led to Christman's ultimate arrest, search of his vehicle, and the discovery of narcotics. We reverse.
Christman drove his automobile into a gas station at approximately 5:00 a.m. A sheriff's deputy was parked in the station's parking lot on break. Christman pulled his car up to the fuel pump and exited the vehicle. As he did so, the deputy pulled his marked car over to the area where Christman's vehicle was parked. The deputy's car was stopped perpendicular to the rear of Christman's car. The deputy spotted a transporter tag on the back of Christman's vehicle. Being unfamiliar with the tag, the deputy called out to Christman to inquire as to the nature of the tag. Christman walked over to the deputy, who was still in his car. As he engaged Christman in conversation, the deputy detected an odor of alcohol on Christman's breath and observed that Christman's eyes appeared bloodshot and glassy. The deputy exited his vehicle and asked Christman for his driver's license. When Christman produced the license, the deputy found that it was restricted to business purposes only. Upon inquiry, Christman advised that he had been just driving around. Because driving around at 5:00 a.m. did not amount to business purposes, the deputy arrested Christman on a violation of the license restriction. After taking Christman into custody, the deputy searched Christman's vehicle and found narcotics.
At the suppression hearing, the trial court found that "the police officer effectively stopped the Defendant by pulling his vehicle perpendicular to the Defendant while he was refueling his vehicle." Further, the court determined that the officer erred in asking for Christman's driver's license "when there was no articulable suspicion that a crime had been committed" and that this inquiry turned the incident *1191 into a stop. The trial court concluded that this was not an encounter because Christman's actions were innocent in nature. The court further determined that by directing the defendant to respond, the officer effectively detained Christman without reasonable suspicion. Accordingly, the trial court granted the motion to suppress.
A ruling on a motion to suppress is a mixed question of law and fact. While the trial court's factual findings are entitled to deference, State v. Setzler, 667 So.2d 343 (Fla. 1st DCA 1995), the trial court's application of the law to the facts is reviewed de novo, Young v. State, 803 So.2d 880 (Fla. 5th DCA 2002).
The trial court's finding that the deputy's act of pulling his car up to the side of Christman's car was, in effect, a stop of Christman is not supported by the testimony. The only witness at the hearing was the deputy. He testified that when he pulled his car up to where Christman was pumping gas, Christman could have left in his vehicle by pulling forward or by putting his car in reverse and backing away from the gas pump. The testimony indicated that the mere positioning of the deputy's car did not in any way prevent Christman from leaving the scene. Accordingly, the trial court erred by finding that the positioning of the cruiser converted the consensual encounter into an improper stop or detention.
Furthermore, the trial court's conclusion that the deputy needed "articulable suspicion that a crime had been committed" before he could request driver's license information is an inaccurate statement of law. As expressed in Hines v. State, 737 So.2d 1182 (Fla. 1st DCA 1999), an officer is entitled to request identification and a driver's license as part of a consensual citizen encounter.
Based on the facts presented, the deputy's conversation with Christman was but a consensual encounter until the deputy suspected that Christman was in violation of the business purposes restriction on his license. At that point in time, the deputy had probable cause to make the arrest. The search that followed was incident to that arrest. Accordingly, the trial court erred in suppressing the evidence.
Reversed and remanded.
BLUE, C.J., and COVINGTON, J., Concur.