883 So.2d 887 (2004)
STATE of Florida, Appellant,
v.
Joseph RAKER, Appellee.
No. 1D03-5129.
District Court of Appeal of Florida, First District.
October 1, 2004.
*888 Charlie Crist, Attorney General, Shasta W. Kruse, Assistant Attorney General, Tallahassee, for Appellant.
Richard H. Smith, Tallahassee, for Appellee.
WEBSTER, J.
The state seeks review of an order granting appellee's motion to suppress. We have jurisdiction. See Art. V, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.140(c)(1)(B). Because we conclude that the trial court erred, we reverse.
The evidence is undisputed. Only the arresting officer, a Wakulla County Sheriff's Department deputy, testified. She said that she was returning to the sheriff's office in a marked patrol car at approximately 10:40 p.m., when she saw a vehicle stopped behind the jail, in an area not designated for parking. The vehicle's lights were off. However, when the driver saw her approaching, the headlights were illuminated and the vehicle proceeded toward her. While the vehicle was stopped at a stop sign, she pulled up next to the driver's window and engaged appellee in conversation. She had neither the siren nor the lights activated. The deputy testified that she said "Hello," introduced herself and asked, "How are you?" In response, and without her asking, appellee simply handed her an identification card. She then asked appellee what he was doing, and appellee answered that he was turning around. She asked if appellee had a driver's license, and appellee responded that it had been suspended. At that point, the deputy saw that the younger of two small children in the vehicle had begun to cry, so she backed up, got out of her car and approached appellee's vehicle in an effort to calm the children. While she was speaking to appellee through his window, she smelled marijuana. She then searched his vehicle, discovering cocaine and marijuana.
After having heard the deputy's testimony, the trial court concluded that the deputy had lacked probable cause to stop appellee and, accordingly, granted the motion to suppress. This was error. Having carefully reviewed the record, we conclude that no competent, substantial evidence exists to support the trial court's conclusion that a "seizure" occurred for *889 Fourth Amendment purposes. Rather, it is apparent that what occurred was a consensual citizen encounter. See, e.g., State v. Ferrell, 705 So.2d 1051, 1052 (Fla. 1st DCA 1998) (absent any indicia of coercion, the mere fact that a law enforcement officer asks some questions will not turn a consensual encounter into a seizure); State v. Christman, 838 So.2d 1189, 1191 (Fla. 2d DCA 2003) (stating that "an officer is entitled to request identification and a driver's license as part of a consensual citizen encounter").
There was no "stop" initiated by the deputy because appellee was already stopped at a stop sign. There was no evidence whatsoever that appellee was not perfectly free to discontinue the consensual encounter and go on about his business until at least the point when appellee told the deputy that his driver's license had been suspended. At that point, the deputy clearly had probable cause to arrest appellee for driving while his license was suspended, and to conduct a search incident to that arrest. Accordingly, the trial court should not have suppressed the fruits of that search.
The order granting the motion to suppress is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
KAHN and POLSTON, JJ., concur.