TAYLOR, J.
 

 The appellant, Robin Navamuel, was charged by information with possession of a firearm or electric weapon by a convicted felon (Count I), possession of cannabis •with intent to deliver/sell (Count II), and
 
 *1284
 
 possession of drug paraphernalia (Count III). He entered a plea of no contest on all three counts and now appeals the trial court’s denial of his motion to suppress evidence. Appellant argues that the trial court erred in denying his motion because law enforcement agents initially searched his home without a warrant or valid consent and then continued the search with a warrant based on the illegally obtained evidence. We agree and reverse.
 

 At the hearing on the motion to suppress, several DEA agents and the appellant testified. DEA Agent Randy Matsch-ner testified that agents began surveilling appellant after an informant told Matsch-ner that appellant was involved in marijuana cultivation and sales and that he was a friend of another subject, Darren Frase, whom the DEA had been investigating for drug activity. During a search of Frase’s home, Agent Matschner told Agents Scott Hahn and Armando Roche to go to appellant’s home to try to get consent to search his home.
 

 Agents Hahn and Roche testified that they drove to appellant’s house. Agent Roche pulled into the front driveway behind appellant’s parked car while Agent Hahn parked in the swale area. Both agents approached appellant in the driveway near his car and told him that they were going to conduct a pat down for their safety. After Agent Roche removed appellant’s wallet and a large roll of cash and patted him down, the agents obtained appellant’s verbal consent to search his home. Once in the house, the agents observed a partially smoked marijuana cigarette in an ashtray on the kitchen counter. More DEA agents arrived soon thereafter to assist with the search and found additional marijuana in a kitchen drawer. During the search, appellant revoked his consent but then changed his mind and allowed the agents to continue the search. The agents found a bag of marijuana under a couch in the living room and hydroponic grow equipment in the back bedroom. Agent Roche placed appellant under arrest. After appellant withdrew consent the second time, agents left the residence and applied for a search warrant. The warrant was issued upon allegations in the application that a consensual search of the residence led to the recovery of marijuana.
 

 With regard to the initial encounter between the agents and appellant, appellant testified that he was already inside his car when the agents pulled into the driveway and blocked his car. Agent Roche got out with his gun drawn and told him to “show me your hands, put your hands out the window” and turn off the car using one hand. According to appellant, Roche kept his gun drawn until appellant got out of his car. Then Roche re-holstered his weapon and told him he was going to pat him down.
 

 Appellant filed a motion to suppress evidence. His motion asserted that the initial search of his home was done without a warrant, valid consent, or exigent circumstances and that the search warrant was obtained after the initial illegal search and based on misrepresentations by the police. After numerous evidentiary hearings, the trial court denied the motion. Appellant pled no contest to the charges and reserved his right to appeal the denial of his motion to suppress.
 

 The state’s sole justification for the initial warrantless search of appellant’s home was consent. In denying the motion to suppress, the trial court ruled that the initial encounter between the officers and appellant in the driveway was a “consensual citizen encounter” and that the initial search of appellant’s home was consensual.
 

 
 *1285
 
 A ruling on a motion to suppress is a mixed question of fact and law.
 
 Smith v. State,
 
 997 So.2d 499, 500 (Fla. 4th DCA 2008). Although appellate courts must accept a trial court’s determination of historical facts that are supported by competent substantial evidence, we must independently review the trial court’s application of those facts to the law in resolving constitutional issues arising from the Fourth and Fifth Amendment.
 
 Globe v. State,
 
 877 So.2d 668, 668-69 (Fla.2004);
 
 Delorenzo v. State,
 
 921 So.2d 873, 876 (Fla. 4th DCA 2006). In other words, we review the trial court’s legal conclusions
 
 de novo. State v. Christman,
 
 838 So.2d 1189, 1191 (Fla. 2d DCA 2003).
 

 “The trial court is vested with the authority to determine the credibility of the witnesses and the weight of the evidence ....”
 
 Delorenzo,
 
 921 So.2d at 876. In this case, the trial court was free to reject appellant’s testimony in determining that the initial encounter between the officers and appellant in the driveway was a “consensual citizen encounter.” The court went on, however, to find that during this consensual encounter the agents “conducted a pat-down of the Defendant for their safety.” As appellant points out, the record contains no evidence, and the trial court makes no findings, that there was consent or justification for the weapons pat down. No testimony was presented at the hearing that the defendant consented to being frisked. Moreover, no evidence was adduced that the officers possessed any information or made any observations during the consensual encounter to form a belief that the defendant was armed and dangerous. Although the state does not address this issue, appellant makes a compelling argument that the weapons pat down, which the agents conducted before obtaining his consent to search his home, was unlawful and thus invalidated his consent and tainted all the evidence seized.
 

 In
 
 Johnson v. State,
 
 785 So.2d 1224, 1225 (Fla. 4th DCA 2001), we considered “whether a police officer may conduct a pat down for weapons during what began as a consensual encounter with a citizen.” We determined that, if during the encounter an officer makes observations that support his “reasonable belief that the appellant [is] armed and potentially dangerous,” the officer is entitled to conduct a pat down pursuant to the Fourth Amendment.
 
 Id.
 
 We also recognized that some courts “suggest that a pat down transforms a consensual encounter ‘into a stop requiring closer scrutiny.’ ”
 
 Id.
 
 at 1228 (citing
 
 Sholtz v. State,
 
 649 So.2d 283, 284 (Fla. 2d DCA 1995) and
 
 Hamilton v. State,
 
 612 So.2d 716, 718 (Fla. 2d DCA 1993)).
 

 In
 
 Delorenzo,
 
 the defendant was asleep in his parked car in a shopping center parking lot at 8:30 in the morning when he was approached by a police officer on patrol. The trial court found that the officer told the defendant to remove his hand from his pocket and then instructed him to step out of his car. After again asking the defendant to remove his hand from his pocket, the officer obtained his consent to search for officer safety. During the search, as the officer was pulling out a pack of matches, a baggy containing cocaine fell to the ground. The trial court concluded that the search was consensual and denied the defendant’s motion to suppress the cocaine. We reversed. We held that the police officer’s order directing the defendant to remove his hand from his pocket and step out the car converted the interaction between the officer and the defendant from a consensual encounter to an investigatory stop. We explained that because the officer lacked any reasonable suspicion of criminal activity and had no reasonable basis to fear for his safety, the
 
 *1286
 
 investigatory stop was illegal.
 
 Id.
 
 at 878-879. We stated:
 

 There are times during an officer’s encounter with an individual, when the officer’s observations may lead to a belief that the individual is armed and dangerous, a belief the officer did not hold when the encounter was initiated. Under certain factual circumstances this court has held that concern for an officer’s safety may create reasonable suspicion warranting an investigatory stop.
 
 See Johnson,
 
 785 So.2d 1224;
 
 see also Brown v. State,
 
 714 So.2d 1191 (Fla. 4th DCA 1998). However, as pointed out in
 
 Brown,
 
 not every “consensual encounter may escalate to an investigative stop simply because the officer generally has safety concerns.”
 

 Id.
 
 at 877.
 

 Finally, in
 
 Delorenzo,
 
 we rejected the trial court’s finding and the state’s argument that the defendant consented to the search during the investigatory stop. We stated: “Consent given after police conduct determined to be illegal is presumptively tainted and deemed involuntary, unless the state proves by clear and convincing evidence that there was a clear break in the chain of events sufficient to dissolve the taint.”
 
 Id.
 
 at 879 (citing
 
 Scott v. State,
 
 696 So.2d 1335, 1336 (Fla. 4th DCA 1997) and
 
 Faulkner v. State,
 
 834 So.2d 400, 403 (Fla. 2d DCA 2003)).
 

 In sum, the state did not present evidence or argue that the agents had a well-founded suspicion of criminal activity to justify an investigatory stop when they encountered appellant in his driveway. Instead, the state argued, and the trial court found, that the contact was a consensual citizen encounter. The state, however, failed to establish that during the encounter the agents had a reasonable belief that appellant was armed and dangerous to justify patting him down. The illegal pat down converted the consensual encounter into an unlawful stop. Because the state failed to show by clear and convincing evidence a break in the chain of events from the time the officers conducted the illegal stop and frisk and obtained appellant’s consent to search, his consent is deemed involuntary. Thus, the motion to suppress should have been granted and all the physical evidence derived
 
 from
 
 this illegal stop and frisk excluded as “fruit of the poisonous tree.”
 
 Wong Sun v. United States,
 
 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). This includes any evidence the agents found in appellant’s house after securing the search warrant, because the warrant was tainted by the prior illegal search of the house.
 
 See Grant v. State,
 
 978 So.2d 862 (Fla. 2d DCA 2008).
 

 Reversed and Remanded.
 

 WARNER and POLEN, JJ., concur.