DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**IVORY BRUNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1758

[October 1, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. 12-7949 CF10A.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark Hamel, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Ivory Brunson pled no contest to possession of cocaine but reserved the right to appeal the trial court's dispositive ruling[1] on his motion to suppress. He argues that the search of his person leading to the discovery of the cocaine was illegal because it was tainted by the illegal search of a hotel room. We agree and reverse for the reasons discussed below.

---

[1] Although the court did not explicitly indicate that its ruling on Appellant's motion to suppress was dispositive, "where a motion tests the suppression of contraband which the defendant is charged with possessing, the motion is usually considered dispositive" despite the lack of an express finding. *J.J.V. v. State*, 17 So. 3d 881, 883 (Fla. 4th DCA 2009). As Appellant was charged with possession of cocaine and the suppression ruling dealt with the admissibility of the cocaine, the suppression ruling was dispositive. *See Diaz v. State*, 34 So. 3d 797, 801 (Fla. 4th DCA 2010).

By way of background, Appellant was arrested and charged with possession of cocaine after officers investigating a tip from hotel management entered Appellant's hotel room and found cocaine on his person. Appellant moved to suppress all evidence found during the search, arguing that the officers illegally entered the hotel room.

At the hearing on Appellant's motion, the arresting officers testified that they were dispatched to a hotel on the date of Appellant's arrest, after management called complaining that one of the rooms was being used for prostitution and drug use. Upon arriving at the hotel, the officers spoke with the manager who provided them with the room number and the name of the person renting the room—Appellant. The manager also indicated that she saw another man with Appellant.

The officers went to the room and knocked on the door, and a "younger black male" answered. The officers asked the man if they could come in, and the man consented. Once inside, the officers encountered another male (Appellant) and two females, and noted the presence of marijuana, pills, and drug paraphernalia. The officers asked who the room was checked out to, at which point Appellant acknowledged that the room was his. The officers then asked Appellant if they could search the room, and Appellant consented. After finding marijuana, crack cocaine, pills, and a gun, the officers asked to search Appellant's person. Once again, Appellant consented and the officers found crack cocaine in his pocket.

Based on the foregoing, Appellant argued that the search was invalid as the officers entered the room without a warrant or valid consent. Specifically, Appellant argued that the man who answered the door and allowed the officers in did not have the authority to do so. Moreover, the officers should have known better because they knew Appellant was renting the room but did not ask for him when they knocked on the door.

After considering Appellant's argument, the trial court agreed that the officers' initial search of the hotel room was illegal because a reasonable person would not conclude that the individual who answered the door had the authority to consent without confirming that he was the person renting the hotel room. We agree with this ruling. *See Williams v. State*, 788 So. 2d 334, 337 (Fla. 5th DCA 2001) (holding that officers' entry into a hotel room was illegal based on consent provided by unidentified woman who answered the door because it was unreasonable for the officers to assume the woman had the authority to let them in just by virtue of the fact she answered the door); *see also Cooper v. State,* 706 So. 2d 369, 371–72 (Fla. 2d DCA 1998) ("The mere fact that an unknown

person opens the door when a police officer knocks cannot, standing alone, support a reasonable belief that the person possesses authority to consent to the officer's entry.").

However, the trial court found that the subsequent search of Appellant's person was legal because Appellant consented to the search. Thus, the court denied Appellant's motion to suppress the cocaine found on his person. We disagree with this ruling and reverse.

In considering the court's ruling on Appellant's motion to suppress, we defer to its findings of fact, but review its legal conclusions de novo. *Castella v. State*, 959 So. 2d 1285, 1289 (Fla. 4th DCA 2007).

"Consent given after police conduct determined to be illegal is presumptively tainted and deemed involuntary, unless the state proves by clear and convincing evidence that there was a clear break in the chain of events sufficient to dissolve the taint." *Navamuel v. State*, 12 So. 3d 1283, 1286 (Fla. 4th DCA 2009) (citations and quotations omitted). A "clear break" occurs when the police inform the suspect of his right to refuse consent to the subsequent search. *Findley v. State*, 771 So. 2d 1235, 1237 (Fla. 2d DCA 2000).

Here, the testimony given at the suppression hearing did not establish that Appellant was informed of his right to decline the officers' request to search his person after the officers illegally entered the room. Therefore, there was no unequivocal break in the chain of events between the illegal search and the search of Appellant's person. Accordingly, Appellant's consent is deemed involuntary and the court should have fully granted Appellant's motion to suppress.

*Reversed and Remanded.*

TAYLOR, J., concurs.
FORST, J., concurs specially with opinion.

FORST, J., concurring.

I concur in the decision to reverse Appellant's conviction. The trial court made two suppression rulings. It first found that "[a] reasonable person could not conclude [that the individual who answered the door and invited the officers to enter Appellant's hotel room had] the apparent authority to permit consent." The court then ruled that "the material that was found upon entering the room based on that consent is going to be suppressed." This material included marijuana, pills, and drug

paraphernalia. The State did not file a cross-appeal of this adverse suppression ruling. As such, we need not offer our agreement (or disagreement) with this suppression ruling. *See* Fla. R. App. P. 9.030(b) ("District courts of appeal shall review, *by appeal . . . .*" (emphasis added)); *State ex rel. Cantera v. Dist. Court of Appeal, Third Dist.*, 555 So. 2d 360, 362 (Fla. 1990) ("An appellate court cannot exercise jurisdiction over a cause of action where a notice of appeal has not been timely filed."). In light of the tainted initial search (*per the trial court's ruling*), I agree with the majority that the contraband found as a result of the subsequent search of Appellant's person should have also been suppressed. In so doing, I do not address the merits of the trial court's granting the motion to suppress with respect to the initial search.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***