874 So.2d 45 (2004)
Michael WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2333.
District Court of Appeal of Florida, Fourth District.
May 12, 2004.
Rehearing Denied June 17, 2004.
*46 Carey Haughwout, Public Defender, Margaret Good-Earnest, Assistant Public Defender, and Cherish De La Cruz, Certified Legal Intern, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Michael Williams was tried by jury and convicted of possession of drug paraphernalia. On appeal, Williams challenges the trial court's denial of his motion to suppress cocaine and a crack pipe. In reviewing the lower court's ruling, this court must afford deference to the trial court's findings of fact, but reviews de novo the application of the law to those facts. See, e.g., Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2003). With these principles in mind, we reverse the order appealed.
Evidence at the suppression hearing established that at about 8:00 p.m., Deputy Cordero encountered the defendant in an empty lot known as "the Hole," an area frequently utilized as a neighborhood hang-out. The defendant was sitting alone on an old leather sofa and was not suspected of any criminal wrongdoing at the time he was first observed by the officer. According to the officer, when he first noticed Williams, Williams' head was down and he was focused on his lap. When the deputy was ten to fifteen feet away, he shined his flashlight on Williams. The deputy noticed that Williams' left hand was clenched in a fist. Williams then lifted his left leg and tossed the item in his fist under his leg, returning his hand to his lap. Cordero testified that these actions "threw him off" and "kind of put [him] on guard" because he didn't know if Williams had a weapon and the area was known for weapons. The deputy took a step back, placed his hand on his weapon, and continued to approach Williams, asking him to stand. When Williams stood, the deputy *47 discovered a crack pipe and suspect crack cocaine.
With this evidence before it, the trial court concluded that the evidence was seized during the course of a consensual encounter and, therefore, was not subject to suppression on the ground that the deputy lacked a reasonable suspicion of criminal wrongdoing. We disagree. A consensual encounter becomes an investigatory stop "if, under the circumstances, a reasonable person would conclude that he or she is not free to end the encounter and depart." Popple v. State, 626 So.2d 185, 188 (Fla.1993). We find that a reasonable person would not feel free to end the encounter and to leave under circumstances where an officer shines a flashlight in his or her face, approaches with his hand on his weapon, and directs him or her to stand. See Williams v. State, 694 So.2d 878 (Fla. 2d DCA 1997)(finding that officer's request that defendant pull his waistband forward converted consensual encounter to stop); Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992)(holding that officer's instructing the defendant to remove his hands from his pockets and to turn around so that he could look at him rendered contact with police a stop). Since the contraband in the instant case was discovered as a consequence of a stop that was not supported by reasonable suspicion, the evidence should have been suppressed.
The State urges us to uphold the trial court's denial of the motion to suppress by asserting that the contraband was discovered as a consequence of a legitimate weapons pat-down. It is true that if, during the course of what began as a consensual encounter, the officer develops a reasonable suspicion that the defendant is armed and dangerous, then a weapons pat-down is justified. See Johnson v. State, 785 So.2d 1224 (Fla. 4th DCA 2001). We do not believe that, here, the facts support a reasonable suspicion that the defendant was armed and posed a threat to the safety of the deputy or to others. See Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989); Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978). Indeed, the deputy himself acknowledged that he simply "didn't know" what had been in Williams' fist.
Having concluded that the trial court erred in denying Williams' motion to suppress, we accordingly reverse his conviction.
WARNER and GROSS, JJ., concur.