WARNER, J.
The appellant, Danny Smith, timely appeals his conviction and sentence for possession of cocaine and drug paraphernalia. The appellant contends that the trial court erred in denying his motion to suppress drugs and paraphernalia found when the police officer searched him. Because we conclude that the officer witnessed an assault perpetrated by the defendant who was armed with a stick, there was reasonable suspicion that appellant was armed and the officer’s weapons pat-down of appellant was proper. Thus, we affirm the trial court’s ruling.
On the evening of March 22, 2004, Deputy Michael Coker of the Broward County Sheriffs Office was dispatched to an address in Pompano Beach. When Deputy Coker arrived at the address, he heard screaming and yelling coming from a southward direction, as though a fight was taking place. As the deputy approached, he saw the appellant swinging a mop stick at another individual, while screaming and yelling. The appellant and the other individual were in the doorway of the house. The appellant swung the stick several times, but the deputy never saw the appellant actually hit the other man with the stick. However, the appellant was close enough to the other man so that he could have hit him. After the deputy gave the appellant several commands to drop the stick, he ultimately let go of it. The deputy then placed the appellant in handcuffs and patted him down. During the pat-down of appellant, the officer felt a pipe in the appellant’s pocket. Through his training and experience, he believed it was a hitter pipe. He then reached into appellant’s pocket and seized the pipe and a package of cocaine.
At the hearing on the motion to suppress, appellant contended that the deputy did not have reasonable suspicion to conduct a weapons pat-down. The deputy countered that he did not know whether the appellant had any other weapons on his person after he dropped the stick. Therefore, he was concerned for general safety reasons, both for himself and the people in the area. The deputy testified that he wanted to conduct an investigation before making an arrest. He maintained *467 that the appellant was not under arrest at the time of the pat-down, even though he had handcuffed appellant. He also testified that he always conducts a pat-down for weapons before placing persons in his patrol car, which he intended to do with appellant. Based upon the evidence presented by the deputy, the trial court denied the motion to suppress, and the appellant then pled no contest, reserving his right to appeal the denial of the suppression.
The officer witnessed an assault committed by the appellant upon another individual when he saw the appellant swing a mop handle several times at the individual. See § 784.011(1), Fla. Stat. In order to get control of the situation and to farther his investigation, the officer handcuffed the appellant and conducted a pat-down preliminary to placing appellant in his patrol car.
An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory detention of an individual when the officer has a reasonable, articula-ble suspicion that criminal activity is afoot. Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Florida Stop and Frisk Law allows an officer, who has validly stopped an individual, to search the individual only if the officer has probable cause to believe that the individual is armed with a dangerous weapon and poses a threat to the officer or any other person. § 901.151(5), Fla. Stat. Our supreme court has indicated that the meaning of “probable cause” in this statute is not synonymous with the stricter probable cause standard used to evaluate the legality of a search warrant or an arrest. See State v. Webb, 398 So.2d 820 (Fla.1981). As used in section 901.151(5), probable cause means reasonable belief or suspicion. Id. at 824-25. Therefore, if the officer develops a reasonable suspicion that the suspect is armed and dangerous, then a weapons pat-down is justified. Williams v. State, 874 So.2d 45, 47 (Fla. 4th DCA2004).
Appellant contends that the pat-down was unconstitutional because the deputy did not have any particularized information that the appellant was armed and dangerous. We disagree. In this case, appellant was armed with a stick, which was being used as a club. He was acting in a dangerous and threatening manner by freely swinging it at another individual. Although appellant had already dropped the stick at the time of the pat-down, we think his earlier possession of the stick, which he was using as a club, provided the officer with the necessary reasonable suspicion to conduct a weapons pat-down. If the appellant had a gun or knife in his hand, would the officer not have been justified in searching for other weapons? We think the answer is obviously yes.
The officer saw an assault and saw that the appellant was armed with an instrument which could cause harm. The mere fact that the suspect is visibly armed with one weapon or instrument being used in a violent way would create reasonable suspicion to conduct a further weapons pat-down pursuant to Terry and section 901.151(5).
Affirmed.
KLEIN and HAZOURI, JJ., concur.