GERBER, J.
 

 The state appeals the circuit court’s order granting a motion to suppress. The court held that asking for a person’s driver’s license amounts to only a consensual encounter, but asking also for a person’s registration and proof of insurance converts the consensual encounter into an investigatory stop. We reverse.
 

 The arresting officer testified that, on the night of the incident, she was in uniform in a marked police car at a public housing apartment complex. She was patrolling the complex pursuant to an approved security detail through her department. The complex was in a high-narcotics area and was being closed down. The officer’s responsibility was to check the names of every person who entered the complex against the authorized resident list. No vehicles were supposed to be in the complex.
 

 At approximately 10:45 p.m., the defendant drove an SUV into the complex. The SUV went past the officer’s car, and then went around a building to the back of the complex. The officer thought the defendant was lost and would do a u-turn to exit. When the defendant did not exit after five minutes, the officer drove her car to the back of the complex. She saw the SUV parked at an angle. The officer pulled up between ten and twenty yards
 
 *926
 
 behind the SUV, but did not block it in. She also did not turn on her overhead lights. For safety, though, she turned on her spotlight to see inside the vehicle.
 

 The officer then walked up to the SUV, which was running. She saw the defendant moving around in the driver’s seat. The officer approached the driver’s side with a flashlight. She asked the defendant what he was doing in the complex. The defendant responded that he was looking for his friend. The officer was skeptical of the response and asked the defendant for his driver’s license, registration, and proof of insurance. The defendant opened the center console. The officer saw a small amount of cannabis wrapped in plastic. She asked the defendant to step out of the SUV, and took him into custody. A pat-down search revealed various controlled substances in the defendant’s pocket.
 

 The state charged the defendant with possession of the cannabis and controlled substances. The defendant filed a motion to suppress. The defendant argued that the officer conducted an investigatory stop without reasonable suspicion of a crime. The state responded that the officer and the defendant were engaged in a consensual encounter when the officer saw the cannabis in plain view.
 

 The circuit court granted the motion to suppress, but not for the reason which the defendant argued. Instead, the court reasoned that asking for a person’s driver’s license amounts to only a consensual encounter, but asking also for a person’s registration and proof of insurance converts the consensual encounter into an investigatory stop. According to the court, the police have no reason to ask a person for their registration and proof of insurance other than to conduct a criminal investigation into whether the vehicle belongs to the person and whether the person has proper insurance. Based on those legal conclusions, the court found there was no reasonable suspicion to justify the stop. This appeal followed.
 

 We reverse. “[T]he standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court’s factual findings but review legal conclusions de novo.”
 
 State v. Abbey,
 
 28 So.3d 208, 210 (Fla. 4th DCA 2010) (citation omitted). Here, the trial court’s legal conclusions were incorrect. We are not aware of any authority holding that asking for a person’s registration and proof of insurance converts a consensual encounter into an investigatory stop. Nor are we aware of any authority holding that the police have no reason to ask a person for their registration and proof of insurance other than to conduct a criminal investigation.
 

 Rather, we stand by the principle that “[t]he mere questioning of an individual,
 
 including a police request for identification,
 
 does not amount to a Fourth Amendment detention.”
 
 State v. Dixon,
 
 976 So.2d 1206, 1208 (Fla. 4th DCA 2008) (emphasis added; citation omitted). Here, the officer requested three forms of identification — license, registration, and proof of insurance. Requesting all three types of identification is a reasonable way to verify a person’s identity. For example, if the defendant produced a driver’s license with one name yet produced registration or proof of insurance with another name, then the officer would have been justified in questioning the defendant’s identity and reason for being in the complex.
 

 The defendant, perhaps recognizing the circuit court’s error, does not seek to uphold the court’s reasoning. Instead, the defendant asks us to affirm based on a more detailed argument from that which he raised in the circuit court. The defendant now argues, among other things, that the uniformed officer’s use of the spotlight and flashlight constituted a show of au
 
 *927
 
 thority for which a reasonable person in the defendant’s position would not feel free to leave, thus amounting to an investigatory stop without reasonable suspicion of a crime.
 

 We disagree. “When determining whether a particular encounter is consensual, the Court must look to the ‘totality of the circumstances’ surrounding the encounter to decide ‘if the police conduct would have communicated to a reasonable person that the person was free to leave or terminate the encounter.’”
 
 Hayward v. State,
 
 24 So.Sd 17, 34-35 (Fla.2009) (citation omitted). Other Florida courts have found that a uniformed officer’s use of a spotlight or flashlight,
 
 without more,
 
 does not transform a consensual encounter into an investigatory stop.
 
 See, e.g., State v. Baez,
 
 894 So.2d 115, 115-17 (Fla.2004) (officer engaged in consensual encounter where he came upon defendant’s vehicle, used flashlight to look inside, saw defendant slumped over, and knocked on window with flashlight to awaken defendant, who then voluntarily got out of vehicle before officer asked for identification);
 
 Blake v. State,
 
 939 So.2d 192, 196-97 (Fla. 5th DCA 2006) (nothing more than consensual encounter occurred when officer illuminated his spotlight to see individuals sitting in vehicle and defendant subsequently exited vehicle);
 
 State v. Wimbush,
 
 668 So.2d 280, 281-82 (Fla. 2d DCA 1996) (encounter was consensual where officer illuminated car’s interior with spotlight and asked driver for identification);
 
 State v. Hughes,
 
 562 So.2d 795, 797-98 (Fla. 1st DCA 1990) (officers approaching defendant’s parked vehicle and shining flashlight inside was not functional equivalent of a stop). Like these courts, we find that the initial encounter in this case was consensual as well.
 

 This case is distinguishable from our previous holding in
 
 Williams v. State,
 
 874 So.2d 45 (Fla. 4th DCA 2004). There, we found that “a reasonable person would not feel free to end [an] encounter and to leave under circumstances where an officer shines a flashlight in his or her face,
 
 approaches with his hand on his weapon, and directs him or her to stand.” Id.
 
 at 47 (emphasis added). Here, unlike
 
 Williams,
 
 the officer did not approach with her hand on her weapon, nor did she direct the defendant to take any physical action other than producing his identification. Thus, the officer’s mere use of her spotlight and flashlight did not transform this consensual encounter into an investigatory stop.
 

 Reversed.
 

 TAYLOR and CIKLIN, JJ., concur.