DAVIS, Judge.
The State challenges the trial court’s order granting Laconia Cedric Seymour, Ill’s motion to suppress physical evidence in conjunction with charges filed against Seymour for loitering and prowling, carrying a concealed firearm, and possession of a firearm by an adjudicated delinquent. We reverse and remand for further proceedings.
The charges against Seymour arose out of an incident in which a Winter Haven Police officer driving a marked patrol car witnessed Seymour and two other men standing on a sidewalk flagging down the car that was driving ahead of the officer. That car slowed but did not stop. The three men then began to flag the officer down while his patrol car was still about fifty feet away from them. The officer slowed down and stopped his vehicle in the middle of the roadway about twenty feet from the men. It was just before 1 a.m., and as the officer exited his patrol car, he activated his emergency lights. The three men immediately began to walk away from the officer, and the two men with Seymour dropped items to the ground as they walked. Seymour, however, carried a backpack. At the hearing on Seymour’s motion to suppress, the officer testified that it appeared to him that Seymour was trying to carry the backpack in front of *322 him as if to shield it from the officer’s view. He further testified that it appeared that the two men with Seymour were attempting to conceal Seymour and his bag from the officer. Based on this suspicious behavior, the officer drew his weapon and ordered all three men to the ground. When backup arrived, the men were questioned as to why they were flagging cars down at 1 a.m. Because the men were unable to explain their actions, the officer placed them under arrest for loitering and prowling. The officer then searched the backpack incident to arrest and found a .22 caliber gun, bandanas fashioned into masks, and bullets. It also was discovered that the items dropped by the men were black gloves and another bandana mask.
In his motion to suppress the physical evidence found at the scene, Seymour argued that when the officer activated his patrol car’s flashing lights, the officer effectuated an illegal detention unsupported by a reasonable suspicion that the three men had committed, were committing, or were about to commit a crime.
In Popple v. State, 626 So.2d 185, 186 (Fla.1993), the Florida Supreme Court explained that
[t]he second level of police-citizen encounters involves an investigatory stop.... At this level, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. In order not to violate a citizen’s Fourth Amendment rights, an investigatory stop requires a well-founded, artic-ulable suspicion of criminal activity.
(Citation omitted.)
Here, following a hearing on the motion, the trial court granted Seymour’s motion to suppress, quoting the following language from this court’s opinion in Newkirk v. State, 964 So.2d 861, 868 (Fla. 2d DCA 2007): “Florida law consistently holds that when an officer activates his emergency lights, that act initiates an investigatory stop, not a consensual encounter.” The trial court therefore concluded that when the officer here exited his patrol car and activated his lights, he detained Seymour and the two other men. The court also determined that at that point, the officer merely had seen three men standing by the side of the road trying to flag down a car, which the court concluded did not amount to a reasonable suspicion of criminal activity.
The trial court, however, did not have the benefit of the Florida Supreme Court’s opinion in G.M. v. State, 19 So.3d 973 (Fla.2009), which issued after the trial court entered its order. In G.M., the supreme court concluded that there is no per se rule that “the activation of police lights is dispositive of a finding that an individual has been ‘seized’ under the Fourth Amendment” but rather that “activation of police lights is only one important factor to be considered in a totality-of-the-circumstances analysis of whether a seizure in the constitutional context has occurred.” Id. at 974.
Considering the totality of the factual circumstances as found by the trial court here, we conclude that the trial court erred in determining that the officer detained Seymour at the time he activated his emergency lights. See Hicks v. State, 929 So.2d 13, 15 (Fla. 2d DCA 2006) (“When reviewing a trial court’s ruling on a motion to suppress, the trial court’s factual findings must be affirmed if supported by competent, substantial evidence, while the trial court’s application of the law to those facts is reviewed de novo.” (internal quotation marks omitted)). The officer stopped in response to three men on the side of the road flagging him down. His *323 car was in the roadway, and it was 1 a.m. As such, he activated the patrol car’s emergency lights as he exited the vehicle. Under these circumstances, the contact between the officer and the men was a consensual encounter for which a reasonable suspicion of criminal activity was not necessary.
Furthermore, the contact did not turn into a detention until the officer drew his weapon and ordered the men to the ground. At that point, however, the officer had the necessary well-founded, articu-lable suspicion to detain the three men. Although the three did not engage in headlong flight upon seeing the officer, once it became apparent that it was a police officer who had stopped, the three immediately turned to walk away, dropping items from their hands and attempting to conceal the fact that they were carrying a backpack. This, combined with the fact that the only reason the officer had stopped in the first place was because the three had flagged him down and had been attempting to flag down other vehicles, amounts to reasonable suspicion of criminal activity.
In conclusion, we reverse the trial court’s order granting Seymour’s motion to suppress, and we remand for further proceedings.
Reversed and remanded.
KHOUZAM and CRENSHAW, JJ„ Concur.