TAYLOR, J.
Anthony Smith appeals the trial court’s denial of his motion to suppress. We reverse. Because appellant was legally parked on a residential street and did not give any indication that he might be in need of police assistance, we conclude that under the totality of the circumstances appellant was seized for Fourth Amendment purposes when the law enforcement officer parked “catty corner” to appellant’s vehicle, activated his emergency police lights, and used a spotlight to illuminate appellant’s vehicle.
Appellant was charged by information with possession of cocaine and misdemean- or possession of cannabis. He filed a motion to suppress, arguing that he was subject to an illegal search and seizure.
At the suppression hearing, a deputy of the Broward County Sheriffs Office testified that he was on duty in the early morning hours of April 11, 2010. At around 2:30 a.m., the deputy was driving on a residential street when he noticed an occupied SUV parked in front of a vacant open field. The SUV was legally parked, and its interior lights, headlights, and tail lights were all turned off. The deputy saw one individual in the vehicle, seated in the driver’s seat. The deputy testified that he became suspicious once he saw that the vehicle had no lights on.
The deputy pulled in front of the SUV and parked “almost catty corner” to where the SUV was parked. Although the deputy did not recall exactly how his police vehicle was positioned, he denied that he blocked in the SUV. The deputy activated his overhead emergency lights. He said he did this so that he would not be hit by oncoming traffic. The deputy also illuminated his spotlight to see the occupant of the vehicle. He testified that the area was known for drugs and prostitution, but he acknowledged that he had not observed any illegal activity occurring in the vicinity of the SUV before he approached.
The deputy got out of his car “to go and investigate” why the person was sitting in the car. When the deputy was sitting in his vehicle, he did not notice that the SUV *86 was running. The deputy did not know if appellant was hurt or injured. As the deputy approached the vehicle, he detected the odor of marijuana. The deputy asked to see appellant’s driver’s license. The deputy, while talking to appellant, noticed a partially smoked marijuana cigarette in the ashtray. The deputy then arrested appellant. While conducting a search incident to the arrest, the deputy found a small bag of marijuana and a bag of cocaine.
The trial court denied appellant’s motion to suppress evidence. The trial court found that when the officer parked his patrol car, appellant was not blocked in or prohibited from leaving. Furthermore, the trial court reasoned that the officer put on his emergency lights “so that oncoming traffic would be able to see” him.
Appellant entered an open plea of no contest in this case, as well as another pending case.[1] The court ultimately sentenced appellant to concurrent terms of 33.05 months in prison for the cocaine charges in both cases and to time served on all misdemeanor charges.
On appeal, appellant argues that the trial court erred in denying his motion to suppress, claiming that the officer illegally seized him without any suspicion of criminal activity. The state responds that the trial court properly denied the motion to suppress, arguing that the officer’s initial approach of appellant was a consensual encounter and that the officer immediately had a basis to detain appellant when the officer smelled marijuana and saw a marijuana cigarette in plain view.
“A trial court’s ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.” Terry v. State, 668 So.2d 954, 958 (Fla.1996). An appellate court is bound by the trial court’s findings of historical fact if those findings are supported by competent, substantial evidence. See Peraza v. State, 69 So.3d 338, 340 (Fla. 4th DCA 2011). However, an appellate court applies a de novo standard of review to the mixed questions of law and fact that ultimately determine constitutional issues. See Schoenwetter v. State, 931 So.2d 857, 866 (Fla.2006).
The Florida Supreme Court has described three levels of police-citizen encounters: 1) a consensual encounter involving minimal contact during which the citizen is free to leave; 2) an investigatory stop or detention which requires a well-founded suspicion of criminal activity; and 3) an arrest supported by probable cause that a crime has been committed, or is being committed. Popple v. State, 626 So.2d 185, 186 (Fla.1993). “During a consensual encounter a citizen may either voluntarily comply with a police officer’s requests or choose to ignore them. Because the citizen is free to leave during a consensual encounter, constitutional safeguards are not invoked.” Id.
In distinguishing between a consensual encounter and a seizure, courts review whether, under the totality of the circumstances, a “reasonable person would feel free to disregard the police and go about his business.” State v. R.H., 900 So.2d 689, 692 (Fla. 4th DCA 2005) (internal quotations omitted).
In G.M. v. State, 19 So.3d 973 (Fla.2009), the Florida Supreme Court found that there is no per se rule that “the activation *87 of police lights is dispositive of a finding that an individual has been ‘seized’ under the Fourth Amendment” and thus disapproved cases standing for the “absolute and inflexible proposition” that activation of police lights alone always constitutes a seizure. Id. at 974, 979. Rather, the court held that “per se rules remain disfavored under Fourth Amendment jurisprudence, and activation of police lights is only one important factor to be considered in a totality-of-the-circumstances analysis of whether a seizure in the constitutional context has occurred.” Id. at 974. Our supreme court noted that “other state courts have held that the activation of police lights alone did not constitute a seizure under circumstances where a motorist was stopped on a public roadway and the officer activated his or her lights either to indicate to other motorists that a car was parked on the roadway, or where the defendant gave some indication that he or she might be in need of assistance.” Id. at 979.
The essential facts of G.M. were that G.M. was in the back seat of a parked vehicle in a public park, the officers’ unmarked vehicle quickly entered the park with the emergency lights activated and stopped behind the parked car, the individuals did not act like they wanted help from law enforcement, the non-uniformed officers showed badges and possessed holstered firearms, and, while the first officer approached one of the cars, a second officer took up a position where he could stop anyone who attempted to leave. Id. at 974-75, 979-80. Applying a totality-of-the-circumstances analysis, the court concluded that if the defendant had been aware of the emergency lights under the facts of that case, a seizure would have occurred. Id. at 979-80. The court explained:
It strains the bounds of reason to conclude that under these circumstances, a reasonable person would believe that he or she was free to end the encounter with police and simply leave. Moreover, it would be both dangerous and irresponsible for this Court to advise Florida citizens that they should feel free to simply ignore the officers, walk away, and refuse to interact with these officers under such circumstances. Instead, as a matter of safety to both the public and law enforcement officers, we conclude that a citizen who is aware of the police presence under the specific facts presented by this case is seized for Fourth Amendment purposes and should not attempt to walk away from the police or refuse to comply with lawful instructions.
Id. at 980 (citation omitted; bold emphasis added). However, the court concluded that “G.M. did not observe the activated lights when the officers arrived, and he became aware of the police presence only when” the officer actually appeared at the window of the vehicle. Id. at 983. Therefore, the court concluded that G.M. was not seized until after the officer had already witnessed him in possession of marijuana and ordered him to spit it out. Id.
In this case, the question is whether appellant was seized before the officer approached his vehicle and smelled the marijuana. Activation of emergency police lights is one factor to be considered in a totality-of-the-circumstances analysis of whether a seizure has occurred. G.M., 19 So.3d at 974. Likewise, use of a spotlight or flashlight is another factor to be considered in evaluating whether a person would reasonably believe he was free to leave, but the use of a spotlight, without more, does not transform a consensual encounter into an investigatory stop. See State v. Goodwin, 36 So.3d 925, 927 (Fla. 4th DCA 2010) (holding that the officer’s mere use of her spotlight and flashlight did *88 not transform the consensual encounter into an investigatory stop).
Here, the officer activated his emergency lights, parked “catty corner” to appellant’s vehicle — which according to the officer was legally parked on the side of a residential street — and used his spotlight to illuminate the interior of appellant’s vehicle. Although the deputy testified that he activated his emergency lights to warn traffic of his presence and that he did not know whether appellant was hurt or injured, we do not view these factors as dispositive. Notably, appellant was not parked in an emergency lane of a highway or some other place that would give an objective indication that appellant needed assistance. Rather, appellant was legally parked on the side of a residential street. We acknowledge that if a person is parked on the shoulder of a highway, or otherwise gives some indication to a police officer that he might be in need of assistance on the roadway, a reasonable person in such circumstances would not necessarily perceive the officer’s use of emergency lights as a show of authority. See State v. Seymour, 72 So.3d 320, 322-23 (Fla. 2d DCA 2011) (officer’s activation of emergency lights did not constitute a seizure where the officer stopped in response to three men on the side of the road flagging him down). However, in this case there was no objective indication that appellant was in need of aid, nor did appellant exhibit any conduct to indicate that he sought police assistance.
The trial court found that the officer activated his lights to warn oncoming traffic that he was parked on the roadway. However, the officer’s subjective intent in activating his emergency lights was irrelevant where, as here, this intent was never conveyed to appellant. The question is how the circumstances, viewed objectively, would have been perceived by a reasonable person in appellant’s position. See G.M., 19 So.3d at 980 n. 5 (“[Rjegardless of the officers’ intent in activating the lights, whether a seizure occurred is determined by what a reasonable person in G.M.’s position would have concluded based upon the conduct of the officers.”); see also State v. Williams, 185 S.W.3d 311, 318 (Tenn.2006) (“While the officer may have subjectively intended to activate his blue lights solely for his safety and the safety of others on the road, the litmus test is the objective belief of a reasonable person in the position of the defendant, not that of the officer.”).
Under the totality of the circumstances, where, as here, appellant was legally parked on a residential street and did not give any indication that he might be in need of police assistance, no reasonable person would have felt free to drive away after an officer activated his emergency lights and used a spotlight to illuminate the person’s parked vehicle. See G.M., 19 So.3d at 980 (“Moreover, it would be both dangerous and irresponsible for this Court to advise Florida citizens that they should feel free to simply ignore the officers, walk away, and refuse to interact with these officers under such circumstances.”). This is not a case where a reasonable person would have perceived the activation of emergency lights as a mere safety precaution and felt free to leave.
Finally, based on the testimony that the officer parked “catty corner” to appellant’s vehicle and shined a spotlight on appellant, logic dictates that, unlike the defendant in G.M., appellant was aware that the officer activated his emergency lights. Therefore, appellant was seized for Fourth Amendment purposes when the officer activated his emergency lights and used a spotlight to illuminate appellant’s vehicle.
Because the deputy seized appellant before detecting the odor of marijuana, and *89 because the seizure was not founded upon reasonable suspicion, we reverse the denial of the motion to suppress and remand with directions for the trial court to vacate appellant’s convictions in this case.

Reversed and Remanded.

POLEN and HAZOURI, JJ., concur.

. In case number 4DI0-4789, which was the appeal of the other pending case, we affirmed the denial of appellant's motion to suppress without opinion.