TAYLOR, J.
Appellant, Joe Collins, appeals a final judgment and sentence entered after he pled no contest to possession of cocaine and drug paraphernalia. Appellant moved to suppress the drug evidence, which was seized while the police were taking him into custody under the Florida Mental Health Act, or Baker Act, section 394.463, Florida Statutes (2010). We affirm the trial court’s denial of his motion to suppress because the officers’ search of appellant before transporting him to a treatment facility was reasonable under the circumstances.
After the hearing on appellant’s motion to suppress evidence, the trial court made written findings as follows:
1. On August 26, 2010, [a police officer] of the Ft Lauderdale Police Department was approached by the Defendant who stated that his eight month old daughter had been kidnapped and murdered at the house across the street from his house. This was the 10th time in 3 days the Defendant had made these outlandish and false accusations. [The officer] was concerned for the individuals in the house the Defendant alleged his child was in. [The officer] was able to confirm that the child was fine with the mother in Boynton Beach. At this point, [the officer] was going to Baker Act the Defendant. Pursuant to Department policy, the Defendant was searched for weapons and contraband by [another officer] who found in the Defendant’s pockets 2 crack pipes and pieces of cocaine. Upon finding this, the officers decided to arrest the Defendant instead of Baker Acting him.
*1048 2. The Defendant argues that the search violated his fourth amendment rights. This court disagrees. This court finds that both officers were credible and that this was not a situation where the officers used Baker Acting as a pretext to search. The court finds that this was initially a valid Baker Act situation and therefore no probable cause was needed for the search and once the cocaine and paraphernalia was found it became an arrest situation. See Lukehart v. State, 70 So.3d 503, 518 (Fla.2011).
The trial court denied appellant’s motion to suppress, and appellant pled no contest to the charges, reserving his right to appeal the trial court’s ruling.
The applicable standard of review is as follows:
A trial court’s ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness, and the court must interpret the evidence and reasonable inferences and deductions therefrom in a manner most favorable to sustaining the trial court’s ruling. An appellate court is bound by the trial court’s findings of historical fact if those findings are supported by competent, substantial evidence. However, an appellate court applies a de novo standard of review to the mixed questions of law and fact that ultimately determine constitutional issues.
Smith v. State, 87 So.3d 84, 86 (Fla. 4th DCA 2012) (internal quotation marks and citations omitted).
Appellant argues that the trial court erred in denying his motion to suppress because the non-consensual search of his person without a warrant, reasonable suspicion, or probable cause, and without any articulable basis to believe he was carrying a weapon violated his rights under the Fourth Amendment to the United States Constitution and Article 1, Section 12 of the Florida Constitution. Appellant further argues that a preliminary pat down should have been conducted before the search. In arguing that the officers had no right to search him before placing him into a police cruiser, appellant relies upon two juvenile cases: L.C. v. State, 23 So.3d 1215 (Fla. 3d DCA 2009), and A.B.S. v. State, 51 So.3d 1181 (Fla. 2d DCA 2010). Both cases, however, concern Florida’s truancy statute, Chapter 984.13, Florida Statutes (2007), and do not involve a search conducted during a detention pursuant to the Florida Mental Health Act, Chapter 394.463, Florida Statutes (2010).
The Florida Mental Health Act, commonly known as the Baker Act, provides that “[a] person may be taken to a receiving facility for involuntary examination if there is reason to believe that the person has a mental illness and because of his or her mental illness ... [t]here is a substantial likelihood that without care or treatment the person will cause serious bodily harm to himself or herself or others in the near future, as evidenced by recent behavior.” § 394.463(1), (l)(b)2„ Fla. Stat. (2010).
In Lukehart, cited by the trial court in its order denying suppression, officers took the defendant into custody under the Baker Act after he told them he had attempted suicide earlier in the day. 70 So.3d at 517-18. Before the officers took the defendant into custody, they observed red marks on his neck and found his car abandoned on the side of the road. Id. at 518. After being taken into custody, the defendant made statements implicating himself in the murder of a child. Id. On appeal of the trial court’s denial of his motion for post-conviction relief, the Florida Supreme Court held that the officers did not need to have probable cause to detain the defendant under the Baker Act *1049 because he was not being arrested “for purposes of the Fourth Amendment.” Id. The court also noted that there was no evidence that the officers had violated “local policy governing the Baker Act.” Id. However, the court held that, even if there had been evidence of a violation of local policy, suppression of the evidence or statements would not have been warranted because the exclusionary rule does not apply to violations of section 394.463, Florida Statutes, “unless a constitutional violation has also occurred.” Id. at 519-20.
Here, officers decided to take appellant into custody under the Baker Act after his family and neighbors expressed concern that he might be a threat because of his unwavering belief that his neighbors had kidnapped and murdered his child.[1] Both officers testified that local policy requires them to conduct a search before transporting a person to a mental health receiving and treatment facility. Under the facts and circumstances of this case, where the officers were concerned for appellant’s safety and the safety of others, and acted pursuant to a reasonable local police policy, the trial court was entitled to conclude that the officers’ actions were reasonable and that the officers were acting in good faith. We therefore affirm the trial court’s denial of the motion to suppress.

Affirmed.

WARNER and STEVENSON, JJ., concur.

. Appellant does not argue that the officers did not have a right to detain him pursuant to the Baker Act.